**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATTY RATERMANN, an individual,<br><br>Plaintiff,<br><br>      v.<br><br>PIERRE FABRE USA, INC., a Delaware corporation, individually and doing business as "AVENE"; CVS HEALTH CORPORATION, a Delaware corporation; QUICKFRAME, INC., a Delaware corporation; ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation; WALMART, INC., a Delaware corporation; WHO STOLE THE TARTS, LLC, a Wyoming limited liability company, individually and doing business as "HELLOSUBSCRIPTION.COM"; DERMAHEALTH DERMATOLOGY, PLLC, a Washington professional limited liability company, individually and doing business as "THEDERMASHOP"; SEPHORA USA, INC., a Michigan Corporation; THEME TECHNOLOGIES LLC, a Delaware limited liability company, individually and doing business as "TEMPLATEMONSTER"; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:22-cv-325<br><br>**COMPLAINT FOR:**<br><br>1. **RIGHT OF PRIVACY VIOLATION (N.Y. CIV. RIGHTS LAW §§ 50 AND 51);**<br>2. **BREACH OF CONTRACT; AND**<br>3. **FRAUD**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Patty Ratermann, ("Ratermann" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under N.Y. Civ. Rights Law §§ 50 and 51.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 for original jurisdiction over civil actions where the matter in controversy exceeds to the sum and value of $75,000 and is between citizens of different states.

3.      This Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5.      Ratermann is an individual currently residing in New York, New York.

6.      Upon information and belief, Ratermann alleges that Defendant Pierre Fabre USA Inc., individually and doing business as "Avene" ("Avene"), is a Delaware corporation with its principal place of business at 8 Campus Drive, Second Floor, Parsippany, New Jersey 07054, and is doing business within this District.

7.      Upon information and belief, Ratermann alleges that Defendant CVS Health Corporation ("CVS") is a Delaware corporation with numerous places of business within this District.

8.      Upon information and belief, Ratermann alleges that Defendant Quickframe, Inc. ("Quickframe") is a Delaware corporation and is doing business within this District.

9.      Upon information and belief, Ratermann alleges that Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") is a Delaware corporation with multiple places of business within this District.

10.     Upon information and belief, Ratermann alleges that Defendant Walmart, Inc. ("Walmart") is a Delaware corporation with multiple places of business within this District.

11.     Upon information and belief, Ratermann alleges that Defendant Who Stole the Tarts, LLC, d/b/a "Hellosubscription.com" ("Hello"), is a Wyoming limited liability company doing business within this District.

12.     Upon information and belief, Ratermann alleges that Defendant Dermahealth Dermatology PLLC, d/b/a "thedermashop.com" ("Dermashop"), is a Washington professional limited liability company doing business within this District.

13.     Upon information and belief, Ratermann alleges that Defendant Sephora USA, Inc. ("Sephora"), a Michigan corporation with multiple places of business within this District

14.     Upon information and belief, Ratermann alleges that Defendant Theme Technologies LLC, d/b/a "Templatemonster.com" ("Template Monster"), is a Delaware limited liability company doing business within this District.

15.     Upon information and belief, Ratermann alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have violated Plaintiff's rights to privacy, have contributed to the violation of Plaintiff's rights to privacy, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Ratermann, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

16.     Ratermann is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## **CLAIMS RELATED TO PLAINTIFF'S PICTURE AND LIKENESS**

17.     Ratermann is an acclaimed model and entrepreneur who has worked throughout the international fashion industry and who has modeled with such companies as Burberry, Garnier, Uniqlo, and Estee Lauder.

18.     On or about July 9, 2020, Ratermann entered into a license with Quickframe whereby, if certain conditions were met, her likeness could be used for a limited purpose, namely as part of a single license for Instagram use only.

19.     In violation of the aforementioned license, Ratermann's likeness was exploited not only on Instagram but in numerous other ways and manners ("Infringing Uses") by Defendants, and each of them.

20.     The Infringing Uses include, without limitation, uses of Ratermann's likeness on physical advertisements, in-store advertisements, websites, sales platforms, and corporate pages. These Infringing Uses promoted, without limitation, Avene products marketed and sold by Defendants.

21.     Ratermann is readily identifiable in all of the Infringing Uses, and her picture and likeness are prominently displayed as either the central or only identifiable content in the Infringing Uses aside from Avene branding and products.

22.     The aforementioned acts violated the license Ratermann granted to Quickframe to use her likeness on Instagram. The release expressly extended only to use on Instagram, and in no other platforms and no other media or formats digital, physical, or otherwise.

23.     At all relevant times, Ratermann had the sole and exclusive right of publicity with regard to the use of her picture, portrait, and likeness under New York State Law and Common Law Right of Publicity.

24.     Defendants have, without Ratermann's authorization or consent, since used Ratermann's likeness for advertising and other trade purposes far outside the scope of the license to promote its products for commercial gain on both its own website, www.aveneusa.com, and numerous other websites selling and promoting Avene's products through retailers such as Walmart, Amazon, and Ulta, as well as on other social media platforms such as Facebook.

25.     Defendants have further unlawfully exploited Ratermann's picture, image, and likeness in physical advertisements in stores owned and operated by CVS, promoting the sale of Avene products.

26.     Non-inclusive exemplars of Defendants' unlicensed, infringing, and unlawful exploitations of Ratermann's picture, image, and likeness are attached hereto as **Exhibit A** (the "Infringing Uses").

27.     Neither Avene nor CVS at any point has had a license for the use of Ratermann's picture and likeness as represented in the Infringing Uses.

28.     At no point did Ratermann authorize, consent to, or otherwise seek to allow the Defendants, or any of them, to exploit her picture, image, or likeness as seen in the Infringing Uses in any manner beyond the expressly narrow scope of the Release.

29.     Ratermann is informed and believes and thereon alleges, that Defendants, and each of them, engaged in the unauthorized exploitation and misappropriation of Plaintiff's photograph, image, picture, and likeness by prominently featuring Ratermann in numerous advertisements and marketing materials on various online platforms and physical materials, including but not limited to the Infringing Uses.

30.     Defendants' publication and distribution of the Infringing Uses has resulted in substantial injury to Ratermann.

## FIRST CLAIM FOR RELIEF

(For Violation of New York Civil Rights Law §§ 50 and 51, against All Defendants, and Each)

31.      Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth; the allegations contained in the preceding paragraphs.

32.      Upon information and belief, Ratermann alleges that Defendants, and each of them, knowingly used Ratermann's picture, image, and likeness for the purposes of advertising and marketing their products and otherwise obtaining commercial gain, including without limitation through the Infringing Uses, in violation of New York Civil Rights Law §§ 50 and 51.

33.     Defendants', and each of their, unlawful uses of Ratermann's picture, image, and likeness resulted in injuries to Ratermann.

34.     The above referenced violations of New York Civil Rights Law §§ 50 and 51 and injuries to Ratermann subject Defendants, and each of them, to statutory damages and penalties, including punitive damages, in amounts to be determined at trail.

35.     Upon information and belief, Ratermann alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge that such uses of Ratermann's picture, image, and likeness were forbidden or unlawful. Consequently, Ratermann is entitled to exemplary damages.

## SECOND CLAIM FOR RELIEF

(For Breach of Contract, against All Defendants, and Each)

36.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37.     Ratermann and Quickframe entered into an agreement whereby Quickframe received a single license to use Ratermann's likeness on Instagram only.

38.     Ratermann performed under this agreement by being photographed in connection with the license.

39.     Quickframe breached the agreement by exploiting, causing to exploit, directing others to exploit, or allowing others to exploit, Ratermann's likeness in ways and manners beyond a single Instagram license.

40.     Quickframe's breach of the agreement, as aforementioned, has caused Ratermann general and special damages in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

(For Fraud, against All Defendants, and Each)

41.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

42.     At the time Ratermann entered into the license with Quickframe, on or around July of 2020, Quickframe represented to Ratermann that her likeness would be used on

Instagram only, and Ratermann relied on that representation when entering into the license. This was a material statement and it was false.

43.     Ratermann relied on the above representations when entering into the agreement.

44.     Plaintiff, on information and belief, alleges that at the time Quickframe entered into the agreement with Ratermann, Quickframe knew that the aforementioned representation was false, and at that time intended to exploit Ratermann's likeness beyond the scope of the license, and/or had knowledge that it would authorize or allow third parties to exploit her likeness outside of the scope of the license.

45.     After entering into the agreement, Quickframe did exploit Ratermann's likeness outside of the scope of the license and allow or authorize third parties to exploit her likeness outside of the scope of the license.

46.     The aforementioned acts caused general and special damages to Plaintiff, in an amount to be established at trial, and were willful and wanton, justifying an award, hereby sought, of punitive damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from displaying, publishing, reproducing, or otherwise exploiting any materials using Ratermann's picture, image, or likeness or that otherwise violates Ratermann's rights to privacy;

2. That Defendants, and each of them, and their respective employees and agents, be enjoined from using or displaying Ratermann's picture, image, or likeness in any manner;

3.  That Ratermann be awarded all profits of Defendants, and each of them, plus all losses of Ratermann, plus punitive damages if found applicable, and all costs and attorneys' fees, the exact sums to be proven at trial, per N.Y. Civ. Rights Law § 51;

4.  That Ratermann be awarded exemplary damages under N.Y. Civ. Rights Law § 51;

5.  That Ratermann be awarded her costs and fees;

6.  That Ratermann be awarded pre-judgment interest as allowed by law; and

7.  That Ratermann be awarded further legal and equitable relief as deemed proper.

## JURY DEMAND

Ratermann demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 12, 2022          By:   _____

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
**DONIGER / BURROUGHS**
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
*Attorneys for Plaintiff*

## EXHIBIT A



**COMPLAINT**





**COMPLAINT**



**COMPLAINT**





**COMPLAINT**



**COMPLAINT**