```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PATTY RATERMANN,                                                        :
                                                                        :
                        Plaintiff,                                      :
                                                                        :
        -v-                                                             :   22-CV-0325 (JMF)
                                                                        :
PIERRE FABRE USA, INC., et al.,                                         :   ORDER
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff brings this action invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that she is a citizen of New York. *See* ECF No. 1 ("Complaint") ¶ 5. She alleges that Defendants Who Stole the Tarts, LLC, d/b/a Hellosubscription.com, Dermahealth Dermatology PLLC, d/b/a thedermasop.com, and Theme Technologies LLC, d/b/a "Templatemonster.com" (the "Defendant LLCs") are a Wyoming limited liability company, a Washington professional limited liability company, and a Delaware limited liability company, respectively. *See id.* ¶¶ 11, 12, 14. She also alleges that Defendant Pierre Fabre USA Inc., individually and doing business as "Avene," is a Delaware corporation with its principal place of business in New Jersey; that Defendants CVS Health Corporation ("CVS"), Quickframe, Inc. ("Quickframe"), Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), and Walmart, Inc. ("Walmart"), are Delaware corporations; and that Sephora USA, Inc. ("Sephora") is a Michigan corporation. *See id.* ¶¶ 6-10, 13.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M) (WMS), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

      In addition, the Complaint alleges only the place of incorporation for Defendants CVS, Quickframe, Ulta, Walmart, and Sephora, and not their principal place of business as well, as required for purposes of diversity jurisdiction. *See, e.g.*, *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered

a citizen of the state in which it is incorporated and the state of its principal place of business."); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead complete diversity of citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **February 3, 2022**, the Plaintiff shall amend her Complaint to properly allege the citizenship of **every** constituent person or entity comprising the Defendant LLCs as well as the citizenship of all Defendant corporations. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: January 13, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge