**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patty Ratermann, an individual, | Case No.: 1:22-cv-325-JMF |
| Plaintiff, | **THIRD AMENDED COMPLAINT FOR:** |
| v. | |
| Pierre Fabre USA, Inc., a Delaware corporation, individually and doing business as "Avene"; Walgreen Co., an Illinois corporation; Quickframe, Inc., a Delaware corporation; Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware corporation; Walmart, Inc., a Delaware corporation; Amazon, Inc., a Delaware corporation; and Does 1 through 10, inclusive, | 1. **RIGHT OF PRIVACY VIOLATION (N.Y. CIV. RIGHTS LAW §§ 50 AND 51);**<br>2. **VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a);**<br>3. **VIOLATION OF COMMON LAW UNFAIR COMPETITION;**<br>4. **BREACH OF CONTRACT; AND**<br>5. **FRAUD** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Patty Ratermann, ("Ratermann" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under N.Y. Civ. Rights Law §§ 50 and 51 and 15 U.S.C. § 1125(a).

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 for original jurisdiction over civil actions where the matter in controversy exceeds to the sum and value of $75,000 and is between citizens of different states. This Court has subject matter jurisdiction over this matter under 15 U.S. Code § 1121 because one claim at issue arises under the Lanham Act. This Court also has subject matter jurisdiction under 28 U.S. Code § 1332 and supplemental jurisdiction under 28 U.S. Code § 1367 because the state law claim forms part of the same case and controversy as the claim arising under the federal statute.

3.      This Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5.      Ratermann is an individual currently residing in New York, New York.

6.      Upon information and belief, Ratermann alleges that Defendant Pierre Fabre USA Inc., individually and doing business as "Avene" ("Avene"), is a Delaware corporation with its principal place of business at 8 Campus Drive, Second Floor, Parsippany, New Jersey 07054,

**THIRD AMENDED COMPLAINT**

and is doing business within this District. Upon information and belief, Ratermann alleges that Avene is a citizen of Delaware and New Jersey.

7.      Upon information and belief, Ratermann alleges that Defendant Walgreen Co. ("Walgreen") is a Delaware corporation with its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015 and is doing business within this District. Upon information and belief, Ratermann alleges that Walgreen is a citizen of Illinois.

8.      Upon information and belief, Ratermann alleges that Defendant Quickframe, Inc. ("Quickframe") is a Delaware corporation with its principal place of business located at 4131 Laguna Street, Suite 613, Coral Gables, Florida 33146 and is doing business within this District. Upon information and belief, Ratermann alleges that Quickframe is a citizen of Delaware and Florida.

9.      Upon information and belief, Ratermann alleges that Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") is a Delaware corporation with its principal place of business located at 1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois 60440 and is doing business within this District. Upon information and belief, Ratermann alleges that Ulta is a citizen of Delaware and Illinois.

10.     Upon information and belief, Ratermann alleges that Defendant Walmart, Inc. ("Walmart") is a Delaware corporation with its principal place of business located at 702 SW 8th St., Bentonville, Arkansas, 72716 and is doing business within this District. Upon information and belief, Ratermann alleges that Walmart is a citizen of Delaware and Arkansas.

11.     Upon information and belief, Raterman alleges that Defendant Amazon, Inc. ("Amazon") is a Delaware corporation with its principal place of business located at

**THIRD AMENDED COMPLAINT**

410 Terry Ave. N Seattle, Washington 98109 and is doing business within this District. Upon information and belief, Ratermann alleges that Amazon is a citizen of Delaware and Washington.

12.     Upon information and belief, Ratermann alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have violated Plaintiff's rights to privacy, have contributed to the violation of Plaintiff's rights to privacy, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Ratermann, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13.     Ratermann is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PICTURE AND LIKENESS

14.     Ratermann is an acclaimed model and entrepreneur known to the public who has worked throughout the international fashion industry and who has modeled with such companies as Burberry, Garnier, Uniqlo, and Estee Lauder.

15.     On or about July 9, 2020, Ratermann entered into a license with Quickframe whereby, if certain conditions were met, her likeness could be used for a limited purpose, namely

use by the licensee as part of a single license for Instagram use only. The license is attached hereto as **Exhibit B**.

16.     In violation of the aforementioned license, Ratermann's likeness was exploited not only by the licensee on Instagram but in numerous other ways, methods, forms, and manners by Defendants, and each of them ("Infringing Uses"). Non-inclusive exemplars of Defendants' Infringing Uses, including without limitation the unlicensed, infringing, and unlawful exploitations of Ratermann's picture, image, and likeness are attached hereto as **Exhibit A**, which includes screenshots and/or images depicting the unauthorized uses at issue and identifies which Defendants' website or store location is associated with same.

17.     Ratermann discovered the Infringing Uses in or around August 2021.

18.     The Infringing Uses include, without limitation, uses of Ratermann's likeness on physical advertisements, in-store advertisements, websites, sales platforms, and corporate pages. These Infringing Uses promoted, without limitation, Avene products marketed and sold by Defendants.

19.     On information and belief it is alleged that one or more of the Infringing Uses by one or more of the Defendants began within the one-year period preceding the filing of this case.

20.     Ratermann is readily identifiable in all of the Infringing Uses, and her picture and likeness are prominently displayed as either the central or only identifiable content in the Infringing Uses aside from Avene branding and products.

21.     The aforementioned acts violated the license Ratermann granted to Quickframe to use her likeness on Instagram. The release expressly extended only to use on Instagram, and in no other platforms and no other media or formats digital, physical, or otherwise.

22.     At all relevant times, Ratermann had the sole and exclusive right of publicity with regard to the use of her picture, portrait, and likeness under New York State Law and Common Law Right of Publicity.

23.     Defendants have, without Ratermann's authorization or consent, since used Ratermann's likeness for advertising and other trade purposes far outside the scope of the license to promote Avene  products for commercial gain on both Defendant Avene's own website, www.aveneusa.com, and/or  numerous other websites selling and promoting Avene's products through retailers such as Walmart, Amazon, and Ulta, as well as on other social media platforms such as Facebook, and/or in physical advertisements in stores owned and operated by Walgreen, promoting the sale of Avene products, as depicted in **Exhibit A**. Ratermann is further informed and believes and thereon alleges that Walgreen owns and operates several stores throughout the country, including in this District, and that Walgreen used Ratermann's likeness for advertising throughout its stores nationwide, including in this District.

24.     None of the Defendants at any point had a license for the use of Ratermann's picture and likeness as represented in the Infringing Uses.

25.     At no point did Ratermann authorize, consent to, or otherwise seek to allow the Defendants, or any of them, to exploit her picture, image, or likeness as seen in the Infringing Uses in any manner beyond the expressly narrow scope of the Release.

26.     Ratermann is informed and believes and thereon alleges, that Defendants, and each of them, engaged in the unauthorized exploitation and misappropriation of Plaintiff's photograph, image, picture, and likeness by prominently featuring Ratermann in numerous advertisements and marketing materials on various online platforms and physical materials, including but not limited to the Infringing Uses.

27.     Defendants' publication and distribution of the Infringing Uses has resulted in substantial injury to Ratermann.

## FIRST CLAIM FOR RELIEF

(For Violation of New York Civil Rights Law §§ 50 and 51, against All Defendants, and Each)

28.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29.     Upon information and belief, Ratermann alleges that Defendants, and each of them, knowingly used Ratermann's picture, image, and likeness for the purposes of advertising and marketing their products and otherwise obtaining commercial gain, including without limitation through the Infringing Uses, in violation of New York Civil Rights Law §§ 50 and 51, as depicted in **Exhibit A**.

30.     Defendants', and each of their, unlawful uses of Ratermann's picture, image, and likeness resulted in injuries to Ratermann.

31.     The above referenced violations of New York Civil Rights Law §§ 50 and 51 and injuries to Ratermann subject Defendants, and each of them, to statutory damages and penalties, including punitive damages, in amounts to be determined at trail.

32.     Upon information and belief, Ratermann alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge that such uses of Ratermann's picture, image, and likeness were forbidden or unlawful. Consequently, Ratermann is entitled to exemplary damages.

///

///

///

## SECOND CLAIM FOR RELIEF

(Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), against All Defendants, and Each)

33.    Plaintiff incorporates herein by this reference each and every allegation contained in all previous paragraphs above.

34.    Defendants, and each of them, commercially exploited and publicized Plaintiff's image, likeness, and identity as part of the Infringing Uses and in doing so created a false sponsorship and affiliation between Plaintiff and Defendants. Through the Infringing Uses, Defendant has falsely implied that Plaintiff endorses Defendants' goods and services.

35.    The unauthorized use of the Plaintiff's image, likeness, and identity is likely to confuse, deceive, or mislead consumers into falsely believing that Plaintiff approves, sponsors, or endorses Defendants' goods or services of the business at issue.

36.    Defendants' conduct as set forth above is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants, and as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

37.    As a result of the above conduct, Plaintiff has incurred special and general damages and seeks same along with any statutory damages as allowed by law.

38.    As a result of the above conduct, Plaintiff has been irreparably harmed and is entitled to and seeks the remedy of injunctive relief in the form of an order prohibiting Defendants from exploiting her identity, image, or likeness without her prior express written consent.

39.     Defendants', and each of their conduct as alleged herein was willful, wanton, and malicious, and exposes them to additional and elevated damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(For Violation of Common Law Unfair Competition, against All Defendants, and Each)

40.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

41.     Defendants, and each of them, commercially exploited and publicized Plaintiff's image, likeness, and identity as part of the Infringing Uses and in doing so created a false sponsorship and affiliation between Plaintiff and Defendants. Through the Infringing Uses, Defendant has falsely implied that Plaintiff endorses Defendants' goods and services.

42.     The unauthorized use of the Plaintiff's image, likeness, and identity is likely to confuse, deceive, or mislead consumers into falsely believing that Plaintiff approves, sponsors, or endorses Defendants' goods or services of the business at issue.

43.     Defendants' conduct as set forth above is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants, and as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

44.     As a result of the above conduct, Plaintiff has incurred special and general damages and seeks same along with any statutory damages as allowed by law.

45.     As a result of the above conduct, Plaintiff has been irreparably harmed and is entitled to and seeks the remedy of injunctive relief in the form of an order prohibiting

Defendants from exploiting her identity, image, or likeness without her prior express written consent.

46.     Defendants, and each, acted in bad faith when they exploited Ratermann's identity, image, or likeness to promote, market, and advertise Avene products because they knew that Ratermann did not authorize the commercial use of her identity, image, or likeness on Defendants' websites or in-store displays.

47.     Defendants', and each of their conduct as alleged herein exposes them to additional and elevated damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

(For Breach of Contract, against Defendant Quickframe)

48.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

49.     Ratermann and Quickframe entered into an agreement whereby Quickframe received a single license to use Ratermann's likeness on Instagram only.

50.     Ratermann performed all of her obligations under this agreement, including without limitation granting the license to use her likeness in the manner set forth in the agreement.

51.     Quickframe breached the agreement by exploiting, causing to exploit, directing others to exploit, or allowing others to exploit, Ratermann's likeness in ways and manners beyond a single Instagram license.

52.     On information and belief, and without limitation, it is alleged that Quickframe published and displayed Ratermann's likeness, and authorized third parties to publish and

display Ratermann's likeness on websites, physical materials, social media accounts, and other physical and digital locations. This violated the agreement between Plaintiff and Quickframe.

53.     On information and belief it is alleged that Quickframe failed to retain the integrity of Ratermann's likeness and allowed it to be displayed in a context that was outside of and/or breached the agreement.

54.     Quickframe's breach of the agreement, as aforementioned, has caused Ratermann general and special damages in an amount to be established at trial.

<u>**FIFTH CLAIM FOR RELIEF**</u>

(For Fraud, against Defendant Quickframe)

55.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

56.     At the time Ratermann entered into the license with Quickframe, on or around July of 2020, Quickframe, through its agent DMB USA LLC and the terms of the proposed license, represented to Ratermann that her likeness would be used on Instagram only, and Ratermann relied on that representation when entering into the license. This was a material statement that served as inducement to the contract and it was false, and Quickframe knew it was false at the time the statement was made.

57.     Ratermann relied on the above representations when entering into the agreement.

58.     Plaintiff, on information and belief, alleges that at the time Quickframe entered into the agreement with Ratermann, Quickframe knew that the aforementioned representation was false, and at that time intended to exploit Ratermann's likeness beyond the scope of the license, and/or had knowledge that it would authorize or allow third parties to exploit her likeness outside of the scope of the license.

**THIRD AMENDED COMPLAINT**

59.     On information and belief it is alleged that Quickframe, at the time it entered into the agreement with Ratermann, knew that it would authorize third parties to publish and display Ratermann's likeness, but willfully concealed this fact from Ratermann in order to induce her to enter into the agreement.

60.     After entering into the agreement, Quickframe did exploit Ratermann's likeness in breach of the license granted in the agreement, and Quickframe authorized third parties, including the other named Defendants, to exploit Ratermann's likeness, in breach of the license granted in the agreement.

61.     The aforementioned acts caused general and special damages to Plaintiff, in an amount to be established at trial, and were willful and wanton, justifying an award, hereby sought, of punitive damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from displaying, publishing, reproducing, or otherwise exploiting any materials using Ratermann's picture, image, or likeness or that otherwise violates Ratermann's rights to privacy;

2.  That Defendants, and each of them, and their respective employees and agents, be enjoined from using or displaying Ratermann's picture, image, or likeness in any manner;

3.  That Ratermann be awarded all profits of Defendants, and each of them, plus all losses of Ratermann, plus punitive damages if found applicable, and all costs and

**THIRD AMENDED COMPLAINT**

attorneys' fees, the exact sums to be proven at trial, per N.Y. Civ. Rights Law § 51 and/or the Lanham Act;

4. That Ratermann be awarded exemplary damages under N.Y. Civ. Rights Law § 51 and/or the Lanham Act;

5. That Ratermann be awarded her breach of contract and fraud damages, including exemplary and punitive damages as appropriate;

6. That Ratermann be awarded her costs and fees;

7. That Ratermann be awarded pre-judgment interest as allowed by law; and

8. That Ratermann be awarded further legal and equitable relief as deemed proper.

## **JURY DEMAND**

Ratermann demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 27, 2022                    By: _____
                                           Scott Alan Burroughs, Esq.
                                           Laura M. Zaharia, Esq.
                                           **DONIGER / BURROUGHS**
                                           247 Water Street, First Floor
                                           New York, New York 10038
                                           (310) 590-1820
                                           scott@donigerlawfirm.com
                                           lzaharia@donigerlawfirm.com
                                           *Attorneys for Plaintiff*

## EXHIBIT A

Walgreen In-Store Display in Venice, California:



https://www.aveneusa.com/skin-care/national-eczema-association-approved



**THIRD AMENDED COMPLAINT**



https://www.ulta.com/p/gentle-milk-cleanser-pimprod2020819

https://www.aveneusa.com/rosacea-101

**THIRD AMENDED COMPLAINT**

https://www.amazon.com/Thermal-Spring-Soothing-Calming-Sensitive/dp/B002D48QUC?ref_=ast_sto_dp&th=1&psc=1



https://www.amazon.com/Eau-Thermale-Av%C3%A8ne-Cream-Nourishing/dp/B01M25BNNO?ref_=ast_sto_dp

**THIRD AMENDED COMPLAINT**

https://www.facebook.com/cocono.bg/photos/a.116329393507028/336188991521066/?type=3&theater



https://www.doooor.com/thread-61296-1.html



**THIRD AMENDED COMPLAINT**

https://www.walmart.com/ip/Eau-Thermale-Avene-Thermal-Spring-Water-Soothing-Calming-Facial-Mist-Spray-for-Sensitive-Skin/598812147



https://www.adorella.com.br/



**THIRD AMENDED COMPLAINT**



https://www.moderneczanem.com/

https://capftheir.shop/index.php?main_page=product_info&products_id=25635

**THIRD AMENDED COMPLAINT**

https://www.ubuy.ec/en/product/1DT3TJM-eau-thermale-avene-cold-cream-nourishing-lip-balm-with-shea-butter-for-chapped-lips-paraben-free-0-1



https://www.a.ubuy.com.kw/ar/catalog/product/view/id/274311/s/eau-thermale-avene-thermal-spring-water-soothing-calming-facial-mist-spray-for-sensitive-skin



**THIRD AMENDED COMPLAINT**

https://hellosubscription.com/2021/06/avene-mystery-bag-is-here-full-and-deluxe-size-samples-from-avene-skincare/

https://www.amazon.com/stores/page/28C7B283-0B4F-4552-B7F0-B56A7DC8DC39



**THIRD AMENDED COMPLAINT**