**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patty Ratermann, an individual,<br><br>Plaintiff,<br><br>      v.<br><br>Pierre Fabre USA, Inc., a Delaware corporation, individually and doing business as "Avene"; Walgreen Co., an Illinois corporation; Quickframe, Inc., a Delaware corporation,<br><br>Defendants. | Case No.: 1:22-cv-325-JMF<br><br>**FOURTH AMENDED COMPLAINT FOR:**<br><br>  **1. VIOLATION N.Y. CIV. RIGHTS LAW §§ 50 AND 51 AND CAL CIV. CODE 3344;**<br>  **2. VIOLATION OF COMMON LAW UNFAIR COMPETITION; AND**<br>  **3. BREACH OF CONTRACT;**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Patty Ratermann ("Ratermann" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under N.Y. Civ. Rights Law §§ 50 and 51 and Cal. Civ. Code § 3344.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 for original jurisdiction over civil actions where the matter in controversy exceeds to the sum and value of $75,000 and is between citizens of different states, as set forth in Paragraphs 5 through 8 below.

3.      This Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5.      Ratermann is an individual currently residing in New York, New York.

6.      Upon information and belief, Ratermann alleges that Defendant Pierre Fabre USA Inc., individually and doing business as "Avene" ("Avene"), is a Delaware corporation with its principal place of business at 8 Campus Drive, Second Floor, Parsippany, New Jersey 07054, and is doing business within this District. Upon information and belief, Ratermann alleges that Avene is a citizen of Delaware and New Jersey.

7.      Upon information and belief, Ratermann alleges that Defendant Walgreen Co. ("Walgreen") is a Delaware corporation with its principal place of business at 200 Wilmot Road,

Deerfield, Illinois 60015 and is doing business within this District. Upon information and belief, Ratermann alleges that Walgreen is a citizen of Illinois.

8.      Upon information and belief, Ratermann alleges that Defendant Quickframe, Inc. ("Quickframe") is a Delaware corporation with its principal place of business located at 4131 Laguna Street, Suite 613, Coral Gables, Florida 33146 and is doing business within this District. Upon information and belief, Ratermann alleges that Quickframe is a citizen of Delaware and Florida.

9.      Upon information and belief, Ratermann alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have violated Plaintiff's rights to privacy, have contributed to the violation of Plaintiff's rights to privacy, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Ratermann, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Ratermann is informed and believes and thereon alleges that at all times relevant hereto Quickframe acted as an agent of Pierre Fabre in procuring Plaintiff's portrait and exploiting same, and each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PICTURE AND LIKENESS

11.      Ratermann is an acclaimed model and entrepreneur known to the public who has worked throughout the international fashion industry and who has modeled with such companies as Burberry, Garnier, Uniqlo, and Estee Lauder. She expended time, effort, and resources to develop her personal brand as well as her publicity and likeness rights.

12.      On or about July 9, 2020, Ratermann entered into a license with Quickframe whereby, if certain conditions were met, her likeness could be used for a limited purpose, namely use by the licensee as part of a single license for Instagram use only. The license is attached hereto as **Exhibit A**.

13.      In violation of the aforementioned license, Ratermann's likeness was exploited not only by the licensee on Instagram but in numerous other ways, methods, forms, and manners by Defendants and other retailers, and each of them ("Infringing Uses"). Non-inclusive exemplars of Defendants' Infringing Uses, including without limitation the unlicensed, and unlawful exploitations of Ratermann's picture, image, and likeness are attached hereto as **Exhibit B**, which includes screenshots and/or images depicting the unauthorized uses at issue and identifies which Defendants' or retailers' website or store location is associated with same.

14.      Ratermann first discovered certain of the Infringing Uses in or around August 2021.

15.      Pierre Fabre's commercial use and exploitation, without consent and with knowledge of Ratermann's claim, continues to the date of the filing of this amended complaint. Attached hereto as **Exhibit C** are examples of Pierre Fabre's exploitation of Ratermann's picture and portrait in 2023.

**FOURTH AMENDED COMPLAINT**

16.     The Infringing Uses include, without limitation, uses of Ratermann's likeness on physical advertisements, in-store advertisements, websites, sales platforms, and corporate pages. These Infringing Uses promoted, without limitation, Avene products marketed and sold by Defendants.

17.     On information and belief it is alleged that one or more of the Infringing Uses by one or more of the Defendants began within the one-year period preceding the filing of this case.

18.     Ratermann is readily identifiable in all of the Infringing Uses, and her picture and likeness are prominently displayed as either the central or only identifiable content in the Infringing Uses aside from Avene branding and products.

19.     The aforementioned acts violated the license Ratermann granted to Quickframe to use her likeness only on Instagram. The release expressly extended only to use on Instagram, and no other platforms and no other media or formats digital, physical, or otherwise.

20.     At all relevant times, Ratermann had the sole and exclusive right of publicity with regard to the use of her picture, portrait, and likeness under New York State Law, California State Law, and Common Law Right of Publicity.

21.     Defendants have, without Ratermann's authorization or consent, exploited Ratermann's likeness for advertising and other trade purposes in a manner that exceeded the scope of the license. They have done so to advertise and market Avene  products on Pierre Fabre's website, www.aveneusa.com, and numerous other commercial websites and social media platforms, and to sell and advertise Avene's products in and through physical retailers such as Walmart, Walgreen, and Ulta,

22.      Pierre Fabre and Walgreen used physical marketing material incorporating Plaintiff's likeness in stores Walgreen to market Avene products. On information and belief

Plaintiff alleges that Pierre Fabre used physical marketing material incorporating Plaintiff's likeness in other stores on various dates.

23.    Illustrative examples of the above uses are depicted in **Exhibit B and C**.

24.    Ratermann is further informed and believes and thereon alleges that Walgreen owns and operates an online website that ships products to this District and several physical stores throughout the country, including in California and this District, and that Pierre Fabre and Walgreen used Ratermann's likeness for advertising throughout stores nationwide, including in this District.

25.    On information and belief, Ratermann alleges that Pierre Fabre used physical displays bearing Plaintiff's picture and likeness to advertise its Avene products in other retail stores at different dates around the country.

26.    None of the Defendants at any point had a license for the use of Ratermann's picture and likeness as represented in the Infringing Uses.

27.    At no point did Ratermann authorize, consent to, or otherwise seek to allow the Defendants, or any of them, to exploit her picture, image, or likeness as seen in the Infringing Uses in any manner beyond the expressly narrow scope of the Release.

28.    Ratermann is informed and believes and thereon alleges, that Defendants, and each of them, engaged in the unauthorized exploitation and misappropriation of Plaintiff's photograph, image, picture, and likeness by prominently featuring Ratermann in numerous advertisements and marketing materials on various online platforms and physical materials, including but not limited to the Infringing Uses.

29.    Defendants' publication and distribution of the Infringing Uses has resulted in substantial injury to Ratermann.

## FIRST CLAIM FOR RELIEF

(For Violation of New York Civil Rights Law §§ 50 and 51 against Pierre Fabre and

Quickframe; and Violations of Cal. Civ. Code § 3344 against Pierre Fabre and Walgreens)

30.     Ratermann repeats, re-alleges, and incorporates herein by reference as though

fully set forth, the allegations contained in the preceding paragraphs.

31.     Upon information and belief, Ratermann alleges that Quickframe sold,

transferred, marketed, and otherwise provided Ratermann's image and likeness to Pierre Fabre

for use outside of the scope of the relevant license; and Pierre Fabre paid or otherwise

compensated Quickframe in exchange for the right to exploit Ratermann's image and likeness on

their respective websites, digital platforms, and/or in-store advertisements.

32.     Upon information and belief, Ratermann alleges that Pierre Fabre and

Quickframe, knowingly used Ratermann's picture, image, and likeness for the purposes of

advertising and marketing their products and otherwise obtaining commercial gain in the state of

New York and beyond, including without limitation through the Infringing Uses, in violation of

New York Civil Rights Law §§ 50 and 51, as depicted in **Exhibit B**. Quickframe and Pierre

Fabre's, unlawful uses of Ratermann's picture, image, and likeness resulted in injuries to

Ratermann.

33.     On information and belief it is alleged that Quickframe  is a company that used

and exploited for advertising purposes, or for the purposes of trade, the name, portrait and picture

of Plaintiff without having first obtained her written consent for such use, in violation of New

York Civil Rights Law §§ 50 and 51.

34.     On information and belief it is alleged that Quickframe exploited Plaintiff's

portrait and picture, and was itself involved in an impermissible uses of her likeness because it

sold Plaintiff's portrait and picture, as well as the services necessary to capture same, to Pierre

Fabre; and Quickframe engaged in trade with Pierre Fabre when it sold, transferred, distributed,

and traded to Pierre Fabre portraits and pictures of Plaintiff for use outside of the scope of the

relevant license. In other words, the goods and services sold by Quickframe to Pierre Fabre were

comprised, in material part, of Plaintiff's portraits and likenesses and the right to exploit and

further distribute said portraits and likeness outside of the scope of the relevant license; and

Pierre Fabre paid Quickframe for the portraits and likenesses of Plaintiff and related rights to

exploit same, which rights exceeded the scope of the relevant license.

      35.    On information and belief it is alleged that Pierre Fabre used and exploited the

portrait and picture of Plaintiff to advertise and market Pierre Fabre's Avene products to the

public; and Pierre Fabre traded on the portrait and picture of Plaintiff to sell and trade its goods,

including without limitation its Avene products.

      36.    The above referenced violations of New York Civil Rights Law §§ 50 and 51 and

injuries to Ratermann subject Quickframe and Pierre Fabre, to statutory damages and penalties,

including punitive damages, in amounts to be determined at trail.

      37.    Upon information and belief, Ratermann alleges that Pierre Fabre's and

Quickframe's, conduct as alleged herein was willful, reckless, and/or with knowledge that such

uses of Ratermann's picture, image, and likeness were forbidden or unlawful because they knew

that the license Ratermann granted to Quickframe was for use on Instagram only.

Representatives of both Defendants had access to the license and attended the photo shoot at

which the relevant Plaintiff's portraits and pictures were created. The release expressly extended

only to use on Instagram, and in no other platforms and no other media or formats digital,

physical, or otherwise, yet Quickframe licensed and/or sold Ratermann's picture, image, and

likeness to Pierre Fabre and/or other Defendants and retailers for use on their websites or in-store advertisements, and Pierre Fabre exploited Plaintiff's likeness on its website and third-party sites and in physical stores with knowledge of the license restriction and even after receiving notice of the infringement and **after the filing of this case,** as reflected in **Exhibit C**. Consequently, Ratermann is entitled to exemplary damages.

38.     Ratermann is informed and believes and thereon alleges that Walgreens and Pierre Fabre knowingly used Ratermann's likeness for purposes of advertising or selling, or soliciting purchase of, Walgreen's and/or Pierre Fabre's products, merchandise, goods, or services in California and beyond, and did so without Plaintiff's consent. Such usage is illustrated in **Exhibit B** and **C**.

39.     Ratermann is informed and believes and thereon alleges that Walgreens and Pierre Fabre knowingly used Ratermann's likeness in order to advertise and market Walgreens and Pierre Fabre's products and services, in violation of this law, and in a manner that resulte din injury to Plaintiff, rendering Walgreens and Pierre Fabre liable for damages, costs, and attorneys' fees.

40.     Ratermann is informed and believes and thereon alleges that Walgreens and Pierre Fabre's conduct as alleged herein was willful, reckless, and/or with knowledge.

41.     The above-referenced use of Ratermann's image violates Cal. Civ. Code § 3344(a) and subjects Walgreens and Pierre Fabre to statutory damages and penalties, including punitive damages in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

(For Violation of Common Law Unfair Competition, against Pierre Fabre)

42.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

43.     On information and belief Ratermann alleges that Quickframe acted on behalf of Pierre Fabre in obtaining Plaintiff's portrait and likeness and the former's knowledge should be imputed to the latter. Quickframe arranged for and conducted the shoot at which the Pierre Fabre photographs, including those depicting Plaintiff, were created, and did so on behalf of and for the benefit of Pierre Fabre.

44.     Ratermann further alleges that number Pierre Fabre employees, consultants, and representatives were present at the shoot at which the photographs of her at issue were created and on information and belief alleges that they were aware of the scope of the license and other facts related to the shoot and license. In fact, the documents generated for the shoot reflect Pierre Fabre's involvement, including Avene's Hoda Abdulla being identified as the client contact.

45.     Upon information and belief, Ratermann alleges that Pierre Fabre oversaw the project and had knowledge that her license with QuickFrame was limited to a single Instagram use but nevertheless exploited her portrait and likeness beyond a single use on Instagram. Indeed, despite this knowledge, Pierre Fabre willfully exceeded the scope of that license by using Ratermann's picture, image, and likeness on its website and on its retailers' in-store advertisements, fixtures, and displays.

46.     Pierre Fabre commercially exploited and publicized Plaintiff's image, likeness, and identity as part of the Infringing Uses and in doing so created a false sponsorship and affiliation between Plaintiff and Pierre Fabre. Through the Infringing Uses, Pierre Fabre has falsely implied that Plaintiff endorses Pierre Fabre's goods and services.

47.     The unauthorized use of the Plaintiff's image, likeness, and identity is likely to confuse, deceive, or mislead consumers into falsely believing that Plaintiff approves, sponsors, or endorses Pierre Fabre's goods or services of the business at issue.

48.     Pierre Fabre's conduct as set forth above is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Pierre Fabre, and as to the origin, sponsorship, or approval of Pierre Fabre's goods, services, or commercial activities by Plaintiff. This effect has been exacerbated by Pierre Fabre's refusal to cease in its exploitation of Plaintiff's likeness and its use of that likeness alongside its branding in key spots on its proprietary site.

49.     As a result of the above conduct, Plaintiff has incurred special and general damages and seeks same along with any statutory damages as allowed by law.

50.     As a result of the above conduct, Plaintiff has been irreparably harmed and is entitled to and seeks the remedy of injunctive relief in the form of an order prohibiting Defendants from exploiting her identity, image, or likeness without her prior express written consent.

51.     Pierre Fabre acted in bad faith when it exploited Ratermann's identity, image, or likeness to promote, market, and advertise Avene products because it knew that Ratermann did not authorize the commercial use of her identity, image, or likeness on Defendants' websites or in-store displays yet engaged in such acts, and directed others to do so.

52.     Pierref Fabre also acted in bad faith by continuing to exploit Ratermann's identify, image, portrait, and picture to market its products, on its own platforms and locations, and via third parties, well after receiving notice of the violation at issue and the scope of the Quickframe license. Attached as **Exhibit C** are true and correct copies of screenshots reflecting

11

Pierre Fabre's commercial exploitation of Plaintiff's portrait and picture in 2023, well after this case was filed.

53.     Pierre Fabre's conduct as alleged herein exposes them to additional and elevated damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(For Breach of Contract, against Defendant Quickframe)

54.     Ratermann repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

55.     Ratermann and Quickframe entered into an agreement whereby Quickframe received a single license to use Ratermann's likeness on Instagram only.

56.     Ratermann performed all of her obligations under this agreement, including without limitation granting the license to use her likeness in the manner set forth in the agreement.

57.     Quickframe breached the agreement by exploiting, causing to exploit, directing others to exploit, or allowing others to exploit, Ratermann's likeness in ways and manners beyond a single Instagram license.

58.     On information and belief, and without limitation, it is alleged that Quickframe published and displayed Ratermann's likeness, and authorized third parties to publish and display Ratermann's likeness on websites, physical materials, social media accounts, and other physical and digital locations. This violated the agreement between Plaintiff and Quickframe.

59.     On information and belief it is alleged that Quickframe failed to retain the integrity of Ratermann's likeness and allowed it to be displayed in a context that was outside of and/or breached the agreement.

60.     Quickframe's breach of the agreement, as aforementioned, has caused Ratermann general and special damages in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from displaying, publishing, reproducing, or otherwise exploiting any materials using Ratermann's picture, image, or likeness or that otherwise violates Ratermann's rights to privacy;

2. That Defendants, and each of them, and their respective employees and agents, be enjoined from using or displaying Ratermann's picture, image, or likeness in any manner;

3. That Ratermann be awarded all profits of Defendants, and each of them, plus all losses of Ratermann, plus punitive damages if found applicable, and all costs and attorneys' fees, the exact sums to be proven at trial, as available under N.Y. Civ. Rights Law § 51and/or Cal. Civ. Code § 3344;

4. That Ratermann be awarded exemplary damages, to the extent available, under N.Y. Civ. Rights Law § 51;

5. That Ratermann be awarded her breach of contract damages, including exemplary and punitive damages as appropriate;

6. That Ratermann be awarded her costs and fees;

7. That Ratermann be awarded pre-judgment interest as allowed by law; and

8. That Ratermann be awarded further legal and equitable relief as deemed proper.

**FOURTH AMENDED COMPLAINT**

## JURY DEMAND

Ratermann demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and

the 7th Amendment to the United States Constitution**.**

Respectfully submitted,

Dated: February 16, 2023                             By: _____
                                                     Scott Alan Burroughs, Esq.
                                                     Laura M. Zaharia, Esq.
                                                     **DONIGER / BURROUGHS**
                                                     247 Water Street, First Floor
                                                     New York, New York 10038
                                                     (310) 590-1820
                                                     scott@donigerlawfirm.com
                                                     lzaharia@donigerlawfirm.com
                                                     *Attorneys for Plaintiff*

**FOURTH AMENDED COMPLAINT**

## EXHIBIT A

# QuickFrame

**QUICKFRAME, INC.**
**PHOTOGRAPHY RELEASE FORM**

For good and valuable consideration that is acknowledged as received and sufficient, I hereby grant Quickframe permission to utilize my photography work for a single license use on Instagram. I understand and agree that my photography will be maintained, made available and utilized by Quickframe for this purpose.

I hereby irrevocably authorize Quickframe to edit,  alter, and publish my photography on Instagram for purposes of publicizing Quickframe's affiliates or for any other related, lawful purpose. In addition, I wave the right to inspect or approve the finished product, including written or electronic copy, wherein my likeness appears. Additionally, I waive any right to additional royalties or other compensation arising out of, or related to, the use of the photograph.

I represent and warrant that that I am of legal age and have the right to grant the single license use of my photography to Quickframe, as stated in this release, without the consent or knowledge of any other person.  **If I am under the age of consent, my parent or guardian who has signed below, acknowledges, approves and confirms all warranties and representations and the rights granted hereunder.**

**Quickframe agrees to retain the integrity of my name, biographical data, written word, photography work, or likeness, neither misrepresenting my words nor taking them out of reasonable context.**

I attest that I have voluntarily granted use of my work to Quickframe and that this document contains the entire and complete agreement concerning the photography.

The rights that I have granted to Quickframe under this release are single license for Instagram only. This release shall be governed by the laws of the State of New York, without giving effect to its principles of conflicts of law and venue for all disputes in connection with this release shall be brought in the State and Federal Courts of the State of New York located in New York County.  This release represents the entire agreement of the parties with respect to the subject matter.  No modification, amendment, supplement to or waiver of any provision of this release shall be binding upon the parties hereto unless made in writing and duly signed by the parties.

Name (printed): ___ Patty Ratermann _____

Signature: ___ _____

**(Signed by parent, legal guardian or agent if I am under the age of consent)**

Parent/Guardian/Agent Name (if applicable): _____

Date: _____

**FOURTH AMENDED COMPLAINT**

**EXHIBIT B**

Walgreen In-Store Display in Venice, California:



https://www.aveneusa.com/skin-care/national-eczema-association-approved



**FOURTH AMENDED COMPLAINT**

https://www.ulta.com/p/gentle-milk-cleanser-pimprod2020819



https://www.aveneusa.com/rosacea-101

**FOURTH AMENDED COMPLAINT**

https://www.amazon.com/Thermal-Spring-Soothing-Calming-Sensitive/dp/B002D48QUC?ref_=ast_sto_dp&th=1&psc=1



https://www.amazon.com/Eau-Thermale-Av%C3%A8ne-Cream-Nourishing/dp/B01M25BNNO?ref_=ast_sto_dp

**FOURTH AMENDED COMPLAINT**

https://www.facebook.com/cocono.bg/photos/a.116329393507028/336188991521066/?type=3&theater



https://www.doooor.com/thread-61296-1.html



**FOURTH AMENDED COMPLAINT**

https://www.walmart.com/ip/Eau-Thermale-Avene-Thermal-Spring-Water-Soothing-Calming-Facial-Mist-Spray-for-Sensitive-Skin/598812147



https://www.adorella.com.br/



**FOURTH AMENDED COMPLAINT**

https://www.moderneczanem.com/



https://capftheir.shop/index.php?main_page=product_info&products_id=25635

**FOURTH AMENDED COMPLAINT**

https://www.ubuy.ec/en/product/1DT3TJM-eau-thermale-avene-cold-cream-nourishing-lip-balm-with-shea-butter-for-chapped-lips-paraben-free-0-1



https://www.a.ubuy.com.kw/ar/catalog/product/view/id/274311/s/eau-thermale-avene-thermal-spring-water-soothing-calming-facial-mist-spray-for-sensitive-skin



**FOURTH AMENDED COMPLAINT**



**FOURTH AMENDED COMPLAINT**

https://www.aveneusa.com/concerns/redness



**FOURTH AMENDED COMPLAINT**

**EXHIBIT C**



**FOURTH AMENDED COMPLAINT**



**FOURTH AMENDED COMPLAINT**



**FOURTH AMENDED COMPLAINT**



FREE SELF-CARE SET W/ ORDERS $60+! USE CODE: SKINLOVE





# Customer Support

## Shipping





https://www.aveneusa.com/shipping                                              1/5

**FOURTH AMENDED COMPLAINT**



**FOURTH AMENDED COMPLAINT**