UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PATTY RATERMANN,<br><br>          Plaintiff,<br><br>v.<br><br>PIERRE FABRE, USA, INC., QUICKFRAME, INC., and<br>WALGREEN CO.<br><br>          Defendants. | 22-325 (JMF) |

**DEFENDANTS PIERRE FABRE, USA, INC. AND WALGREEN CO.'S
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT</u>**

Paul Olszowka
Niraj Parekh
Julia R. Livingston
BARNES & THORNBURG LLP
390 Madison Ave 12th Floor
New York, NY 10017
646-746-2000

*Attorneys for Defendants Pierre Fabre, USA,
Inc. and Walgreen, Co.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS & PROCEDURAL HISTORY ......................................................... 1

    A.    The Initial Complaints and Prior Motion Practice ............................................ 1

    B.    The Subject of This Motion: The Fourth Amended Complaint.......................... 4

LEGAL STANDARD.................................................................................................... 6

ARGUMENT ............................................................................................................. 7

    I.    Plaintiff's California Statutory Claims Must Be Dismissed .................................. 7

    II.    Plaintiff's New York Statutory Claim Against Pierre Fabre Is Time-Barred........................................................................................ 8

    III.    Plaintiff's Unfair Competition Claim against Pierre Fabre Must Be Dismissed ....... 9

CONCLUSION.......................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................................6

*Bravo v. Established Burger One, LLC*,
   No. 12 CIV. 9044 CM, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ......................................6

*CA, Inc. v. Simple.com, Inc.*,
   621 F. Supp. 2d 45 (E.D.N.Y. 2009) ............................................................................11, 12

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
   11 F. Supp. 3d 317 (E.D.N.Y. *2014*) ....................................................................11, 12, 13

*Citizens United v. Schneiderman*,
   882 F.3d 374 (2d Cir. 2018)................................................................................................7

*Downing v. Abercrombie & Fitch*,
   265 F.3d 994 (9th Cir. 2001) ..............................................................................................8

*Eyal R.D. Corp. v. Jewelex New York Ltd.*,
   784 F.Supp.2d 441 (S.D.N.Y. 2011)..................................................................................11

*Faber v. Metro. Life Ins. Co.*,
   648 F.3d 98 (2d Cir. 2011)..................................................................................................6

*Gibson v. SCE Grp., Inc.*,
   391 F. Supp. 3d 228 (S.D.N.Y. 2019).................................................................................9

*ITC Ltd. v. Punchgini*,
   9 N.Y.3d 467 (2007) .........................................................................................................13

*Key Items, Inc. v. Ultima Diamonds, Inc.*,
   No. 09-CV-3729 (HBP), 2010 WL 3291582 (S.D.N.Y. Aug. 17, 2010) .............................10

*McDonald v. Head Criminal Court Supervisor Officer*,
   850 F.2d 121 (2d Cir. 1998)................................................................................................7

*Miranda v. South Country Central School Dist.*,
   No. 20-CV-104 (BMC), 2020 WL 4287165 (E.D.N.Y. July 27, 2020) ..................................6

*NBTY, Inc. v. Vigilante*,
   49 Misc.3d 1216(A) (Sup. Ct. Suffolk Cnty. 2015)...........................................................11

*Palm Beach Strategic Income, LP v. Salzman*,
  457 Fed. Appx. 40 (2d Cir. 2012) .............................................................................6

*Sondik v. Kimmel*,
  131 A.D3d 1041, 1041-42 (2d Dep't 2015)..............................................................8

*Souza v. Exotic Island Enters., Inc.*,
  2021 WL 3501162 (S.D.N.Y. Aug. 9, 2021) ............................................................9

*Stewart v. Rolling Stone LLC*,
  181 Cal. App. 4th 664 (2010) ...................................................................................8

*Sullivan v. Aircraft Servs. Grp., Inc.*,
  No. 19-CV-6500 (MKB), 2021 WL 76836 (E.D.N.Y. Jan. 8, 2021) .......................6

*Wilson v. Pasquale's DaMarino's, Inc.*,
  No. 10 Civ. 2709(PGG), 2013 WL 1195603 (S.D.N.Y. Mar. 24, 2013)..................6

*Youngevity International, Corp. v. Smith*,
  224 F.Supp.3d 1022 (S.D. Cal. 2016).......................................................................8

Defendants Pierre Fabre, USA, Inc. ("Pierre Fabre") and Walgreen Co. ("Walgreens") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Fourth Amended Complaint (ECF No. 104, hereinafter "FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This is now Plaintiff's fifth attempt to plead its case, and the third round of dispositive motions on what are essentially the same factual allegations. In prior thorough briefing, Defendants and other named parties demonstrated the legal and factual infirmities in Plaintiff's claims.

To date, this Court has dismissed with prejudice many of Plaintiff's claims and several previously-named defendants. Relevant to the present motion, the Court provided clear directives and limitations for Plaintiff to amend her claims. Specifically, the Court permitted Plaintiff to amend (1) her New York Civil Rights claim against Pierre Fabre and Walgreens and (2) her unfair competition claim against Pierre Fabre. Once again, the allegations in Plaintiff's FAC are insufficient.

Rather than follow the narrow path set by the Court to pursue limited claims in this case, Plaintiff ignored the Court's directives and instead relies on the same factual allegations this Court has considered and rejected. Plaintiff's current allegations in the FAC are factually unsupported, fail as a matter of law, and are based solely, impermissibly, on "information and belief."

## STATEMENT OF FACTS & PROCEDURAL HISTORY

### A.    The Initial Complaints and Prior Motion Practice

Plaintiff Ratermann is a model and entrepreneur living in New York City. FAC ¶¶5, 11. Ms. Ratermann alleges that she voluntarily participated in a photoshoot endorsing Avène branded products. *Id.* at ¶37. No details of the photoshoot are provided in any of the pleadings; among other things, Plaintiff never alleges when or where the alleged photoshoot occurred.

1

On January 12, 2022, Plaintiff commenced this action by filing her Complaint alleging separate causes of action against nine separate defendants, of which only three remain: Pierre Fabre, Walgreens, and QuickFrame, Inc. ("QuickFrame"). *See* ECF 1. With respect to these three, Plaintiff alleges that Defendant Pierre Fabre owns the Avène skincare brand that is featured in the photoshoot at issue here. QuickFrame is a digital marketing company. Walgreens operates both online at Walgreens.com, and in brick and mortar stores where it sells its own branded products and products from third parties.

The initial Complaint, along with the FAC, alleges generally that the license Plaintiff signed "on or about July 9, 2020" with QuickFrame only allowed the use of her image on Instagram. She alleges that the photos were instead used more broadly by several entities (now dismissed), all of whom were acting in concert, including Amazon, Inc. ("Amazon"), Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), and Walmart, Inc. ("Walmart").

Plaintiff identified the following product listings at issue:

- Two links to the Avène website; (1) leads to a page about the skin condition rosacea, which does not include any reference to Avène products; and (2) leads to a page of Avène products approved by the National Eczema Association. *See* FAC Ex. B[1].

- One Avène product advertisement allegedly from a Walgreens in-store display in "Venice, California." *Id.*

Since then, Plaintiff's claims have been withdrawn, dismissed, and/or narrowed significantly. Most recently, the Court considered and ruled on joint motions to dismiss Plaintiff's Third Amended Complaint, *see* ECF 69, filed in May of 2022, which alleged violations of New

---

[1] The FAC still includes product listings for Defendants that have been dismissed from the case.

York Civil Rights Law §§ 50 and 51, Section 43(a) of the Lanham Act, and claims for common law unfair competition, breach of contract, and fraud. ECF 98 (hereinafter "Opinion & Order").

The Court dismissed all claims as to Amazon, Walmart and Ulta under Section 230 of the Communications Decency Act. With respect to Pierre Fabre, the Court sustained Plaintiff's New York Civil Rights claim, but rejected Plaintiff's claim for punitive damages for failure to plead the requisite knowledge. The Court did not grant Plaintiff leave to amend such claims as against Pierre Fabre, or otherwise allow Plaintiff to assert new claims against Pierre Fabre not previously pleaded.

The Court also dismissed Plaintiff's common law unfair competition claim as against Pierre Fabre, but with leave to amend to address the defects in the claim that the Court stated were not "necessarily incurable."

With respect to Walgreens, the Court dismissed Plaintiff's New York Civil Rights claim because Plaintiff failed to allege any facts that Walgreens used her likeness in New York as required under New York law.  Instead, Plaintiff only alleged a physical use of her likeness in California.  The Court, however, granted leave to amend with respect to the New York Civil Rights claim to the extent Plaintiff could do so, but again did not permit Plaintiff leave to amend to assert new claims against Walgreens at this late stage.

With respect to QuickFrame, the Court dismissed Plaintiff's fraud claims with prejudice without leave to amend because she failed to allege any fraudulent statements with particularity, and the fraud claim was duplicative of the breach of contract claim against QuickFrame.  The Court also sustained Plaintiff's breach of contract claim against QuickFrame, after rejecting Plaintiff's attempts to bring the same claim against Pierre Fabre and other Defendants. See below for an illustration of the remaining claims as of the Court's Opinion & Order:

3

| Defendant | New York Civil Rights Law §§ 50, 51 | Lanham Act | Common Law Unfair Competition | Breach of Contract | Fraud |
|---|---|---|---|---|---|
| **Amazon (dismissed)** | | | | | |
| **Pierre Fabre** | X (claim for exemplary damages dismissed) | | Leave to amend granted | | |
| **QuickFrame** | Leave to amend granted | | | X | |
| **Ulta (dismissed)** | | | | | |
| **Walgreens** | Leave to amend granted | | | | |
| **Walmart (dismissed)** | | | | | |

## B.    The Subject of This Motion: The Fourth Amended Complaint

On February 16, 2023, Plaintiff filed the Fourth Amended Complaint, which asserts virtually identical factual allegations in support of the claims as against Pierre Fabre, QuickFrame, and Walgreens.  The additions to the Fourth Amended Complaint include:

- QuickFrame was acting "as an agent" of Pierre Fabre when it "procur[ed] Plaintiff's portrait," though no supporting factual allegations are made in connection with this statement. FAC ¶10.

- Plaintiff "expended time, effort, and resources to develop her personal brand as well as her publicity and likeness rights." *Id.* at ¶11. No further detail is provided.

- Pierre Fabre is still using Plaintiff's image, and "on information and belief," Pierre Fabre used her image on "physical marketing material" on "various dates." *Id.* at ¶¶15,

22, 25. No dates were specified, or further proof appended to the FAC other than the same Exhibits that appeared on the initial Complaint.

- For reasons that are unstated, and without supporting allegations, Plaintiff baldly alleges that QuickFrame's "knowledge" should be imputed to Pierre Fabre. *Id.* at ¶ 43. No such allegation is made with respect to Walgreens' level of knowledge.

- On "information and belief," QuickFrame sold or otherwise provided Plaintiff's image to Pierre Fabre "outside the scope of the relevant license," and Pierre Fabre somehow paid QuickFrame for the right to exploit that image as part of a "service" QuickFrame provided. *Id.* at ¶¶31; 34.

- On "information and belief," representatives of Pierre Fabre were at the photoshoot in question. *Id.* at ¶¶37; 44.

- "[D]ocuments generated for the shoot reflect Pierre Fabre's involvement." *Id.* at ¶44. No such documents were appended to the FAC or described with any specificity.

As to Pierre Fabre, the FAC alleges a violation of New York Civil Rights Law (including a claim for punitive damages, which the Court rejected).  Plaintiff abandoned her New York claims as to Walgreens and/or QuickFrame, but instead injected new claims under California law, which she asserts against Walgreens and Pierre Fabre.  Plaintiff's attempt to amend her unfair competition claim against Pierre Fabre also fails to allege the requisite knowledge and bad faith, and instead simply regurgitates allegations from her prior pleadings that have already been rejected.

For the reasons discussed below, Plaintiff's claims against Pierre Fabre and Walgreens fail as a matter of law, and violate the Court's prior rulings by asserting new theories and statutory causes of action beyond the scope of leave to amend authorized by this Court.

**LEGAL STANDARD**

Under Rule 12(b)(6), the Court must dismiss a complaint if the plaintiff fails to allege sufficient facts "to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Although it draws "reasonable inferences in Plaintiff['s] favor [and] assume[s] all well-pleaded factual allegations to be true," the court need not accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (citations and internal quotation marks omitted).

Additionally, Courts in this District dismiss pleadings that exceed the grant of leave based on the movant's pre-motion submissions. *See, e.g., Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. Appx. 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.") (citing cases); *Bravo v. Established Burger One, LLC*, No. 12 CIV. 9044 CM, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013) (same). This Court also has power to strike a party's pleadings or motion for failure to obey court orders. *See Wilson v. Pasquale's DaMarino's, Inc.*, No. 10 Civ. 2709(PGG), 2013 WL 1195603, at *5 (S.D.N.Y. Mar. 24, 2013). "[A]ll litigants … have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1998).

## ARGUMENT

**I.    Plaintiff's California Statutory Claims Must Be Dismissed**

The Court's Order & Opinion was clear. Plaintiff had limited leave to file two claims: violation of New York Civil Rights Law §§ 50 and 51, and common law unfair competition. Instead, Plaintiff has inserted a wholly new claim under California law for violation of Cal. Civ. Code § 3344(a) against Pierre Fabre and Walgreens. *See* FAC at ¶41.

The basis for this claim is seemingly one sentence in the FAC: "Ratermann is informed and believes and thereon alleges that Walgreens and Pierre Fabre knowingly used Ratermann's likeness for purposes of advertising or selling, or soliciting purchase of, Walgreen's and/or Pierre Fabre's products, merchandise, goods, or services in California and beyond, and did so without Plaintiff's consent." *Id.* at ¶38. Ms. Ratermann herself claims no connection to California, and instead states she is a resident of New York State. FAC ¶5.

Plaintiff states in the title of Exhibit A to the FAC that her image was used in an advertisement at a brick-and-mortar Walgreen store in "Venice, California." FAC, Ex. A. No other details are provided. As the Court stated in its Opinion and Order, Plaintiff

> "[C]annot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Instead, she must base her belief "on factual information that makes the inference of culpability plausible," and her allegations must be "accompanied by a statement of facts upon which the belief is founded.

Opinion & Order at pg. 15.

Plaintiff should not be allowed to assert this new claim, given that it is outside the scope of the limited leave the Court granted in the Opinion & Order. Plaintiff filed her initial Complaint in this matter on January 12, 2022. ECF 1. It has been more than a year, four separate pleadings, and two rounds of briefing on motions to dismiss by the various Defendants since the first

7

Complaint was filed. Allowing Plaintiff to add new claims at this point would be deeply unfair to the remaining Defendants.

More fundamentally, New York choice of law principles mandate that New York, not California law, applies to this action. *See Sondik v. Kimmel*, 131 A.D3d 1041, 1041-42 (2d Dep't 2015) (dismissing California Section 3344 in New York state court where the plaintiff and the situs of the injury were both in New York). Notwithstanding New York's clear interest in "protecting the plaintiff, its citizen and resident," Plaintiff has also failed to make the required allegations under the statute. *Id.*

Section 3344(a) prohibits the use of "another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services" without consent. Cal. Civ. Code § 3344 (West).[2] To state this claim, Plaintiff must also allege "a **knowing** use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 680, (2010), *as modified on denial of reh'g* (Feb. 24, 2010) (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001)) (emphasis added). Plaintiff—as she did with her New York Civil Rights Law claim—failed to allege that either Pierre Fabre or Walgreens acted with the required knowledge to satisfy the California statute outside of her conclusory allegations premised on "information and belief."

## II.   Plaintiff's New York Statutory Claim Against Pierre Fabre Is Time-Barred

Plaintiff's claim against Pierre Fabre under New York Civil Rights Law Sections 50 and 51 is barred by the statute of limitations, which is one year and begins accruing on the date the

---

[2] Claims under Section 3344(a) must be brought within two years of publication of the communication. *Youngevity International, Corp. v. Smith*, 224 F.Supp.3d 1022, 1027 (S.D. Cal. 2016). It is not clear when the advertisement cited in Exhibit B was installed, and Plaintiff has failed to allege that the publication fell within the statute of limitations period.

allegedly offending material was first published. *Souza v. Exotic Island Enters., Inc.*, 2021 WL 3501162, at *15–16 (S.D.N.Y. Aug. 9, 2021), *appeal filed*, No. 21-249 (2d Cir. Sept. 8, 2021). Plaintiff commenced this action on January 11, 2022. ECF 1. Avène purportedly published the photos no later than January 9, 2021. *See* Decl. of Daniel A. Schnapp, Exhibits A1-3 annexed to Quickframe's Motion to Dismiss, ECF 80-1 (showing records from the Wayback machine that the alleged infringing photos were published on Avène's website on December 4, 2020 and January 9, 2021). The allegation in the Fourth Amended Complaint stating that "[o]n information and belief . . . one or more of the Infringing Uses by one or more Defendants began within the one-year period preceding the filing of this case" is insufficient. FAC ¶17. Plaintiff's claim against Pierre Fabre fails for this reason.

Additionally, Plaintiff exceeded the Court's limited leave to re-plead this claim against Pierre Fabre. In the Opinion & Order, the Court already held that Pierre Fabre is only liable for statutory penalties, not punitive or exemplary damages for this claim. Despite this, Plaintiff re-states her claim for punitive damages in her Fourth Amended Complaint. FAC ¶41. Pursuant to this Court's Opinion & Order, Plaintiff can only recover compensatory damages, which are "the fair market value of the use for the purposes of trade of [her] face, name and reputation." *Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228, 250 (S.D.N.Y. 2019). No such damages are specified in the FAC.

## III.   Plaintiff's Unfair Competition Claim against Pierre Fabre Must Be Dismissed

Plaintiff's re-plead unfair competition claim fails for three separate reasons. First, Plaintiff claims that all Defendants are the "alter-egos" of each other and that the actions and intent of each Defendant can be imputed to the other, despite the Court's clear rejection of this theory. Second, Plaintiff continues to rely on allegations based on "information and belief" for the basis of her

claims, which again, the Court held to be impermissible. Third, Plaintiff has not alleged each element required to state an unfair competition claim.

As she has in the previous iterations of the Complaint, Plaintiff still alleges only on "information and belief" that QuickFrame acted as an "agent" on behalf of Pierre Fabre, and that QuickFrame's knowledge as to the scope of the license should be "imputed" to Pierre Fabre under an agency and/or alter ego relationship theory. *See* FAC ¶¶10, 43.  For the first time, Plaintiff adds new allegations—again based only on "information and belief"—that Pierre Fabre employees were "present at the shoot … and aware of the license" and further "oversaw the project and had knowledge that her license with QuickFrame was limited to a single Instagram use" but "willfully exceeded the scope of that license." *Id.* at ¶¶ 44-45.

The Court already rejected Plaintiff's agency and/or alter-ego allegations on multiple occasions and pleading attempts. *See* Opinion & Order at pg. 5 (explaining that Plaintiff's attempt in the Third Amended Complaint to make "alter-ego" allegations were entirely conclusory and plainly failed as a matter of law). Here, as in the Third Amended Complaint:

> Plaintiff provides no factual basis to assert that any Defendant "exercised complete domination" over the others with respect to the transactions at issue, let alone "that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injuries." *See Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09-CV-3729 (HBP), 2010 WL 3291582, at *8 (S.D.N.Y. Aug. 17, 2010). Accordingly, Ratermann's alter-ego claims must be and are dismissed for failure to comply with the requirements of Rule 8.

*Id.*

Plaintiff's Second Amended Complaint attempted to extend her breach of contract claims beyond QuickFrame to Pierre Fabre and "all" defendants under a similar theory, which the Court rejected as well. *See, e.g.*, ECF 17, 51, 70. These conclusory allegations were not sufficient then, and are not sufficient now simply because Plaintiff has regurgitated the same theory to support a

separate common law unfair competition claim against Pierre Fabre.  Indeed, if accepted, the same facts would allow Plaintiff to assert the breach of contract count against Pierre Fabre when the Court has already rejected the attempt as improper.

The Court's Opinion & Order stated that Plaintiff may not make conclusory allegations sufficient to survive a motion to dismiss by inserting the phrase "upon information and belief." Opinion & Order at pg. 15. Despite this admonition, *all* of Plaintiff's allegations in support of the unfair competition claim are made on information and belief. This alone is a reason to dismiss the claim. *See NBTY, Inc. v. Vigilante*, 49 Misc.3d 1216(A) at *4 (Sup. Ct. Suffolk Cnty. 2015) (dismissing claim for unfair competition because allegations were made on "information and belief" and were therefore "not sufficient particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences underlying the unfair-competition claim"). Additionally, simply invoking the phrase "bad faith" is not enough to survive dismissal. *See* FAC ¶¶ 51-52; *Eyal R.D. Corp. v. Jewelex New York Ltd.*, 784 F.Supp.2d 441, 447 (S.D.N.Y. 2011) (dismissing unfair competition claim where conclusory allegation of "bad faith" without supporting allegations were deemed insufficient).

The "essence" of an unfair competition claim is the bad faith misappropriation of the labors an expenditures of another. *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 53 (E.D.N.Y. 2009). However, "[n]ot every act, even if taken in bad faith, constitutes unfair competition" and the doctrine is not "all encompassing." *Id.* Additionally, there must be misappropriation of the plaintiff's "commercial advantage," which is "a cornerstone of the tort." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 336 (E.D.N.Y. *2014)* (citing *Computer Associates, Inc. v. Simple.com, Inc.*, 621 F.Supp.2d 45, 53 (E.D.N.Y. 2009)).

As was true in each of Plaintiff's successive pleadings, the allegations fail to rise to the level of bad faith required to plead an unfair competition claim. *See* Opinion & Order at 18 ("A plaintiff states a plausible claim if he or she alleges ***specific facts*** showing that the defendant ***knew it did not have the right to use the plaintiff's likeness for trade purposes and continued to do so anyway***.") (citing cases) (emphasis added). Ratermann fails to allege the bad faith requirement of an unfair competition claim. *See CA, Inc.*, 621 F.Supp. 2d at 53 ("Not every act, even if taken in bad faith, constitutes unfair competition."); *Carson Optical, Inc.*, 11 F. Supp. 3d at 336 ("plaintiffs' conclusory allegation that defendants copied and reproduced the distinctive elements of the SureGrip™ and sold 'knock-off products,' without proffering any facts to make that conclusion plausible, is insufficient to establish the bad faith requirement for a cognizable claim under New York law.").

Here, Plaintiff alleges in conclusory fashion that Pierre Fabre employees were present at the photo shoot and then makes the (illogical) leap that Pierre Fabre somehow must have been aware of the scope of the license, but then willfully exceeded that scope. FAC ¶44. This is the same breach of contract via alter-ego liability that the Court rejected and Plaintiff abandoned, just repackaged as an unfair competition claim.

To that end, Ratermann's claims regarding "commercial confusion" in paragraphs 46-48 of the FAC are nearly identical to the allegations she made in support of her Lanham Act claims, which were dismissed. FAC ¶¶ 46-48, Opinion & Order at pg. 19 ("[Ratermann] expressly permitted her photo to be used [to endorse Avène products on Instagram . . . it is neither false nor misleading to say that Ratermann endorsed the Avène products.") For the same reason the Court rejected the ill-plead Lanham Act claims, Plaintiff cannot be allowed to re-purpose them in support of an unfair competition claim, given that "a common law unfair competition claim" in New York

"is identical to a Lanham Act Claim," aside from the requirement of bad faith. *Carson Optical, Inc.*, 11 F.Supp.3d at 335-36.

Additionally, Ratermann has not alleged any harm to her commercial advantage or ability to compete in the marketplace. *See ITC Ltd. v. Punchgini*, 9 N.Y.3d 467 (2007) ("Under New York law, an unfair competition claim involving misappropriation usually concerns the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property.")  The FAC has wholly failed to cure the deficiencies in the Third Amended Complaint, and the unfair competition claim against Pierre Fabre should be dismissed.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss Plaintiff's New York and California statutory claims and unfair competition claim against Pierre Fabre and Walgreens with prejudice.

Dated: New York, New York
     March 17, 2023

BARNES & THORNBURG LLP

*/s/ Julia R. Livingston*

Paul Olszowka
Niraj Parekh
Julia R. Livingston
390 Madison Ave 12th Floor
New York, NY 10017
646-746-2000
polszowka@btlaw.com

*Attorneys for Defendants Pierre Fabre, USA, Inc. and Walgreen Co.*