**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patty Ratermann, an individual,<br><br>Plaintiff,<br><br>      v.<br><br>Pierre Fabre USA, Inc., a Delaware corporation, individually and doing business as "Avène"; Walgreen Co., an Illinois corporation; QuickFrame, Inc., a Delaware corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Civil Action No.: 1:22-cv-325-JMF |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

**[Burroughs Declaration and Exhibits 1-4 submitted herewith]**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION …………………………………………………….. 4

II.    LEGAL STANDARD ………………………………………………… 4

III.   ARGUMENT …………………………………………………………... 5

      A.  RATERMANN ADEQUATELY PLEADS VIOLATIONS OF HER RIGHT

         TO PRIVACY …………………………………………………………... 5

           1.  RATERMANN PLEADS ALL ELEMENTS FOR VIOLATIONS

              OF N.Y CIVIL RIGHTS LAW §§ 50 AND 51 ……………………… 5

                 a)  DEFENDANTS CANNOT PROVE THAT RATERMANN'S

                     CLAIMS ARE TIME BARRED………………………………… 8

                 b)  RATERMANN PROPERLY SEEKS DAMAGES FROM

                     PIERRE FABRE………………………………………………….. 14

           2.  RATERMANN PROPERLY ALLEGES VIOLATIONS OF

              CALIFORNIA CIV. CODE § 3344 ………………………………… 15

      B.  RATERMANN ADEQUATELY PLEADS UNFAIR COMPETITION ……... 18

           1.  RATERMANN ADEQUATELY PLEADS PIERRE FABRE'S

              KNOWLEDGE …………………………………………………… 19

           2.  RATERMANN ADEQUATELY PLEADS PIERRE FABRE'S BAD

               FAITH ………………………………………………………….. 22

            3.  THE COURT'S PRIOR DISMISSAL OF LANHAM ACT CLAIMS

              DOES NOT REQUIRE DISMISSING RATERMANN'S UNFAIR

              COMPETITION CLAIM ………………………………………… 23

IV.   CONCLUSION ………………………………………………………… 24

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ali v. Playgirl, Inc.*,
   447 F. Supp. 723 (S.D.N.Y. 1978) ........................................................................................... 22

*Allstate Life Ins. Co. v. Mota*,
   2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021) ..................................................................... 18, 23

*Arrington v. New York Times Co.*,
   55 N.Y.2d 433, 434 N.E.2d 1319 (1982) ..................................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................................................................... 5

*Beverley v. Choices Women's Med. Ctr., Inc.*,
   78 N.Y.2d 745, 587 N.E.2d 275 (1991) .................................................................................... 14

*Burck v. Mars, Inc.*,
   571 F. Supp. 2d 446 (S.D.N.Y. 2008) ......................................................................................... 7

*Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*,
   208 F. Supp. 3d 494 (E.D.N.Y. 2016) ......................................................................................... 8

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
   11 F. Supp. 3d 317 (E.D.N.Y. 2014) ........................................................................................ 22

*Chamilia, LLC v. Pandora Jewelry, LLC*,
   2007 WL 2781246 (S.D.N.Y. Sept. 24, 2007) ..................................................................... 9, 10

*Chen v. Major League Baseball Properties, Inc.*,
   798 F.3d 72 (2d Cir. 2015) .......................................................................................................... 5

*Citizens United v. Schneiderman*,
   882 F.3d 374 (2d Cir. 2018) ........................................................................................... 5, 13, 21

*Comolli v. Huntington Learning Centers, Inc.*,
   117 F. Supp. 3d 343 (S.D.N.Y. 2015) ...................................................................................... 12

*Comolli v. Huntington Learning Centers, Inc.*,
   180 F. Supp. 3d 284 (S.D.N.Y. 2016) ......................................................................................... 6

*CompuDyne Corp. v. Shane*,
   453 F. Supp. 2d 807 (S.D.N.Y. 2006) ...................................................................................... 19

*Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GmbH & Co.*,
   150 F. Supp. 2d 566 (S.D.N.Y. 2001) ................................................................................. 11, 12

*Downing v. Abercrombie & Fitch*,
   265 F.3d 994 (9th Cir. 2001) .................................................................................................... 17

*Electra v. 59 Murray Enterprises, Inc.*,
   987 F.3d 233 (2d Cir.) ............................................................................................................ 6, 8

*Est. of Smith v. Cash Money Recs., Inc.*,
   2018 WL 2224993 (S.D.N.Y. May 15, 2018) ........................................................................... 17

*Geary v. Town Sports Int'l Holding, Inc.*,
   21 Misc. 3d 512, 870 N.Y.S.2d 846 (Sup. Ct. 2008) ............................................................... 12

*Holmes v. Underwood & Underwood*,
   225 App.Div. 360, 233 N.Y.S. 153 .......................................................................................... 7, 8

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
 58 F.3d 27 (2d Cir. 1995) ............................................................................................... 18
*Meisel v. Grunberg*,
 651 F. Supp. 2d 98 (S.D.N.Y. 2009) ............................................................................. 19
*Melendez v. Sirius XM Radio, Inc.*,
 50 F.4th 294 (2d Cir. 2022) ........................................................................................... 15
*Molina v. Phx. Sound Inc.*,
 297 A.D.2d 595, 747 N.Y.S.2d 227 (1st Dep't 2002) ..................................................... 6
*Navarro v. Allied World Surplus Lines Ins. Co.*,
 544 F. Supp. 3d 229 (D. Conn. 2021) .............................................................................. 9
*Nghiem v. U.S. Dep't of Veterans*,
 451 F. Supp. 2d 599 (S.D.N.Y. 2006) .............................................................................. 9
*Nicosia v. Amazon.com, Inc.*,
 834 F.3d 220 (2d Cir. 2016) ............................................................................................ 5
*Novak v. Tucows, Inc.*,
 2007 WL 922306 (E.D.N.Y. March 26, 2007) ................................................................. 9
*Rare 1 Corp. v. Moshe Zwiebel Diamond Corp.*,
 13 Misc. 3d 279, 822 N.Y.S.2d 375 (Sup. Ct. 2006) ..................................................... 13
*Ratermann v. Pierre Fabre USA, Inc.*,
 2023 WL 199533 (S.D.N.Y. Jan. 17, 2023) ................................................................... 14
*Ritani, LLC v. Aghjayan*,
 970 F. Supp. 2d 232 (S.D.N.Y. 2013) ............................................................................ 23
*Russo v. Huntington Town House, Inc.*,
 184 A.D.2d 627, 584 N.Y.S.2d 883 (1992) .................................................................... 10
*U.S. E.P.A. ex rel. McKeown v. Port Auth. of New York & New Jersey*,
 162 F. Supp. 2d 173 (S.D.N.Y.) ...................................................................................... 6
*Zoll v. Jordache Enterprises, Inc.*,
 2002 WL 31873461 (S.D.N.Y. Dec. 24, 2002) ......................................................... 16, 17
*Zuckerman v. Metro. Museum of Art*,
 307 F. Supp. 3d 304 (S.D.N.Y. 2018) ............................................................................ 16

Statutes

Cal. Civ. Code § 3344 ......................................................................................... Passim
N.Y. Civ. Rights Law §§ 50 and 51 ....................................................................... 6, 7, 8, 9
Section 51 .......................................................................................................... 7, 8, 9

Rules

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 4
Fed. R. Civ. P. 12(b)(6) ................................................................................................ 5
Rule 12 ........................................................................................................................ 5

## <u>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS</u>

## I.    **Introduction**

Plaintiff, Patty Ratermann's, Fourth Amended Complaint ("Complaint") adequately alleges her claims against Defendants Pierre Fabre USA, Inc. ("Pierre Fabre"), Walgreen, Co. ("Walgreen"), and QuickFrame, Inc. ("QuickFrame"). As such, Pierre Fabre and Walgreen's motion to dismiss (Dkt. #115) and QuickFrame's motion to dismiss (Dkt. #118) (collectively, the "Motions") should be denied.

To reject Defendants' Motions, the Court need only answer one question: accepting all factual allegations in the Complaint as true and viewing the pleadings in the light most favorable to Ratermann, does it appear beyond a doubt that Ratermann cannot prove any set of facts entitling her to relief? The answer to this question is certainly "no." Ratermann's Complaint includes factual allegations that, if taken as true, establish that Defendants (1) exploited her picture, image, and likeness without her consent, and (2) knowingly did so for Defendants' own commercial advantage while selling goods and associating Ratermann with companies with whom she has no affiliation. Accordingly, Ratermann's Complaint is, at minimum, sufficient to survive dismissal on the pleadings, and the Motions should be denied.

Pierre Fabre's arguments also fail because it *continues* to regularly engage in new exploitations of Ratermann's likeness. Indeed, as recently as April 20, 2023, and well after it had notice of her claims Pierre Fabre distributed advertising materials that incorporated Ratermann's likeness without her consent. See **Exhibits 1-4**. The Motions should be denied.

## II.    **Legal standard**

A complaint is sufficient if it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss "for

failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must construe "the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016), quoting *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015). On a Rule 12 motion to dismiss, a court "should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." U.S. *E.P.A. ex rel. McKeown v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 182 (S.D.N.Y.), aff'd sub nom. *McKeown v. Delaware Bridge Auth.*, 23 F. App'x 81 (2d Cir. 2001).

Additionally, "a pleading is adequate if it contains sufficient factual matter that, if accepted as true, states a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The standard for a claim to appear plausible is low, and a plaintiff need only "raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged." *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018). And where, as here, a plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Ashcroft*, at 678, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007).

## III.   Argument

Ratermann alleges factual allegations sufficient to entitle her to relief as to each of her claims against Defendants. In the Complaint, Ratermann alleges 3 causes of action: (1) violations of N.Y. Civ. Rights Law §§ 50 and 51 against Pierre Fabre and QuickFrame; and Violations of Cal. Civ. Code § 3344 against Pierre Fabre and Walgreen, (2) violations of common law unfair

competition against Pierre Fabre, and (3) breach of contract against QuickFrame. Defendants do not address Ratermann's breach of contract claim against QuickFrame, and as such it is admitted that this claim is adequately pled. Ratermann likewise adequately pleads her other claims and Defendants cannot establish that there is no set of facts under which Ratermann's pleadings entitle her to relief for these claims.

### A. Ratermann adequately pleads violations of her right to privacy

In the Complaint, Ratermann sufficiently pleads that Defendants violated her right to privacy under New York and California law as follows:

#### 1. Ratermann pleads all elements for violations of N.Y. Civil Rights Law §§ 50 and 51

Sections 50 forbids "use[ ] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person." *Comolli v. Huntington Learning Centers, Inc.*, 180 F. Supp. 3d 284, 288 (S.D.N.Y. 2016), aff'd, 683 F. App'x 27 (2d Cir. 2017). To establish liability under Section 51 for a violation of Section 50, a plaintiff "must demonstrate each of four elements: (i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent." *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 249 (2d Cir.), cert. denied, 142 S. Ct. 563, 211 L. Ed. 2d 352 (2021), citing *Molina v. Phx. Sound Inc.*, 297 A.D.2d 595, 747 N.Y.S.2d 227, 230 (1st Dep't 2002) (citation omitted). The Complaint sufficiently pleads all four elements.

QuickFrame claims that Ratermann fails to state a claim for violation of Sections 50 and 51 against QuickFrame itself for providing the offending materials to others, but that is false. Section 51 states that the use of one's likeness in "advertising" or "in trade" violates this statute.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

*Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008), citing N.Y. Civ. Rights Law § 51. Quickframe undisputedly exploited Ratermann's likeness "in trade" when it sold or "traded" materials depicting her likeness to Pierre Fabre in exchange for payment.

It cannot be disputed, particularly at this stage of the proceedings, that selling a photograph for another to publish is a use "in trade." In *Arrington v. New York Times*, the court held that a motion to dismiss claims under Sections 50 and 51 should be denied where the plaintiff alleged a "nonconsensual selling of the photograph" by photographers "operating independently from the publisher" because the photographers had themselves "commercialized the photograph in furtherance of [their] trade." *Arrington v. New York Times Co.*, 55 N.Y.2d 433, 443, 434 N.E.2d 1319, 1323 (1982); citing *Holmes v. Underwood & Underwood*, 225 App.Div. 360, 362, 233 N.Y.S. 153). Ratermann has similarly alleged that QuickFrame sold her photograph to Pierre Faber without her consent in furtherance of its own trade, and that QuickFrame thus likewise commercialized the photograph. QuickFrame's motion should be denied.

Moreover, in *Holmes*, the court likewise held that a photographer had violated Sections 50 and 51 by selling a photograph of an individual's likeness to a company for its own publication. In finding the photographer liable, the court explained that "it is the sale of such photograph by defendant. That was in furtherance of defendant's trade. It has commercialized the photograph, the rights to which are in the plaintiff." *Holmes* at 362.

In the Complaint, Ratermann alleges that QuickFrame impermissibly used Ratermann's likeness when it "sold [Ratermann's] portrait and picture, as well as the services necessary to capture same, to Pierre Fabre" and that "the goods and services sold by Quickframe to Pierre Fabre were comprised, in material part, of Plaintiff's portraits and likenesses and the right to

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

exploit and further distribute said portraits and likeness outside of the scope of the relevant license." (Complaint ¶ 34). QuickFrame, like the photographer in *Holmes*, furthered its trade by commercializing Ratermann's likeness, the rights to which belong to Ratermann. Just as the court did in *Holmes*, this Court should find that Ratermann adequately alleges Section 50 and 51 violations by QuickFrame. QuickFrame's motion should be denied.

And QuickFrame's use in trade was not lawful under the agreement with Ratermann. In actions under Section 51 against an image provider rather than the party they provided the image to, "courts generally assess whether such use or transfer is lawful by looking to the text of the relevant written release agreement." *Electra* at 250. And where the consent provided in the agreement "is limited with respect to form or forum, the use of the plaintiff's photograph is without consent if it exceeds the limitation." *Id.* Ratermann has attached her agreement with QuickFrame to the Complaint, and it expressly limits her consent to use of her likeness "on Instagram." (Complaint, **Exhibit A**). QuickFrame thus exceeded the limitations of Ratermann's consent by providing her likeness to Pierre Fabre for use beyond Instagram, and QuickFrame's use in trade of Ratermann's likeness was unlawful. QuickFrame's motion should be denied.

### a) Defendants cannot prove that Ratermann's claims are time barred

Pierre Fabre and QuickFrame claim that Ratermann's Section 50 and 51 claims are time barred by the relevant statute of limitations. "The statute of limitations is an affirmative defense," and "[b]ecause a statute of limitations defense can be highly fact dependent, a motion to dismiss is often not the appropriate stage raise affirmative defenses like the statute of limitations." *Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*, 208 F. Supp. 3d 494, 501 (E.D.N.Y. 2016). Because the statute of limitations must generally be affirmatively proved by a defendant, "a motion to dismiss…may not be granted simply because a complaint failed to include allegations

affirmatively establishing its timeliness." *Navarro v. Allied World Surplus Lines Ins. Co.*, 544 F. Supp. 3d 229, 240 (D. Conn. 2021).

Neither Pierre Fabre nor QuickFrame can prove that Ratermann's claims are time-barred on the face of the Complaint. Both Defendants point to additional documents that allegedly show that the offending materials were published before January 9, 2021, but reliance on such outside evidence is inappropriate. "When a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration." *Nghiem v. U.S. Dep't of Veterans Affs.*, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006), aff'd, 323 F. App'x 16 (2d Cir. 2009). Defendants have submitted additional evidence on their motions to dismiss before any discovery has been conducted. The Court thus must either disregard this additional evidence or convert the Motions into motions for summary judgment and allow Ratermann to gather and submit her own evidence beyond the pleadings.

Furthermore, the evidence itself is inadmissible and unpersuasive. First, it is taken from a site called the Wayback Machine" and not a Pierre Fabre site, and there is no date from Pierre Fabre's site. Wayback Machine evidence is generally inadmissible because it "suffers from fatal problems of authentication." *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (KMK), 2007 WL 2781246, at *6 (S.D.N.Y. Sept. 24, 2007), citing *Novak v. Tucows, Inc.*, No. 06-CV-1909, 2007 WL 922306, at *5 (E.D.N.Y. March 26, 2007). Websites seen on the Wayback Machine "play no role in ensuring that the material posted in the Wayback Machine accurately represents what was posted on their official websites at the relevant time," and thus a Wayback Machine image is "only as valid as the third-party donating the page decides to make it." *Novak* at 5. The court in *Novak* struck Wayback Machine Accordingly, evidence from the Wayback

Machine that is not authenticated by employees of the Wayback Machine should be struck, particularly because it runs afoul of the hearsay rule. *Id.* Here, the dates shown in the evidence are not from a Pierre Fabre site but rather the third-party Wayback Machine website. Defendants provide no authentication from the Wayback Machine and make no showing that these screenshots are not hearsay. The evidence is thus unauthenticated and inadmissible hearsay.

Second, the evidence purports to show only Pierre Fabre's use of Ratermann's likeness on its own site, when it is undisputed that Pierre Fabre used Ratermann's likeness on numerous other sites and locations. Indeed, Ratermann attaches to the Complaint evidence that Defendants have published the offending content on at least 11 different websites. (Complaint, **Exhibits B, C**). Defendants improperly submitted and unauthenticated evidence thus cannot establish the first usage of Ratermann's likeness and cannot prove that Ratermann's claims are time barred.

Finally, out of the seven photographs capturing Ratermann's likeness that are at issue, Defendants provide evidence only as to the first use of three of those photographs. (Complaint, **B, C**). As a minimum, the Motions must be denied as to the four photographs for which Defendants offer no evidence of their first use in New York.

To further establish that this argument fails**,** Ratermann has established that Pierre Fabre has continued to create and distribute new and discrete advertisements for Avène products that incorporate Ratermann's likeness, even as recently as April 20, 2023. See **Exs. 1-4**. The statute of limitation argument thus fails because inasmuch "as the plaintiff commenced her action within one year of the defendant's most recent alleged violations of the Civil Rights Law, the defendant's motion to dismiss the action as time-barred was properly denied." *Russo v. Huntington Town House, Inc*., 184 A.D.2d 627, 628, 584 N.Y.S.2d 883, 883 (1992)(rejecting

argument that statute of limitations barred claims for infringement that began more than one year before the filing of the case but continued after it was filed).

Furthermore, the statute of limitations for Sections 50 and 51 "runs separately as to each new [offending use] distributed with a name or image, the use of which contravenes in the statute." *Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GmbH & Co.*, 150 F. Supp. 2d 566, 573 (S.D.N.Y. 2001). Indeed, in *Cuccioli*, the court held that each new piece of merchandise defendant produced bearing the same image of plaintiff's likeness began to run the statute of limitations separately. *Id.* Here, Defendants have published myriad different kinds of offending uses of Ratermann's likeness, including physical cut outs, banners on numerous websites, marketplaces, and a series of email newsletters to customers that Pierre Fabre continues to send, including as recently as February 25, 2023. (Complaint, **Exhibit B,C**; **Exhibit 1, 2**). Therefore, even if Defendants improperly submitted evidence were accepted, their subsequent offending uses of Ratermann's likeness began to run the statute of limitations as recently as this this February.[1]

Moreover, Pierre Fabre has taken the position that the use of Ratermann's likeness outside of New York does not violate Sections 50 and 51. Assuming that to be true, Pierre Fabre fails to establish the date of the date of the first violation of Sections 50 and 51, which would have occurred when a New York resident or an individual in New York viewed the disputed

---

[1] To hold otherwise would lead to absurd results. Consider an infringer who violates an individual's likeness rights over at least a ten-year period. The individual whose likeness was exploited discovers the infringement two years after it began. This date of discovery should not preclude a claim for the ongoing use, as that would enable the infringer to continue to violate the likeness right for an additional eight years (or forever).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

content. Notably, Pierre Fabre is part of a French company[2] and its offices are located in New Jersey. This is terminal to Pierre Fabre's argument because "the offering of merchandise containing the plaintiff's image on" a website from outside of New York did not constitute a use of the image "within this state." *Cuccioli*, 150 F. Supp. 2d at 576 (S.D.N.Y. 2001)(finding that use of disputed content on the website of a company located in Germany did not start the statute running because there was insufficient evidence of viewership in New York). Here, at a minimum, the statute would not have run until an individual in New York viewed the disputed content. There is no evidence in the record of that date. Indeed, there is no evidence that the sites depicted in Defendants' evidence were viewable in any market on the dates indicated, let alone the New York market. The motion thus fails.

Defendants' improperly submitted evidence does nothing to account for the full scope of the offending materials at issue in this case, and accordingly cannot carry Defendants' burden of proving on establishing that the statute of limitations necessarily applies.

Even if Defendants' limited and improper evidence could prove that the statute of limitations had run for the initial use of Ratermann's likeness, the statute of limitations has since been rerun from Defendants' republication. In Section 51 cases, "republication of the offending material refreshes the limitations period." *Comolli v. Huntington Learning Centers, Inc.*, 117 F. Supp. 3d 343, 349 (S.D.N.Y. 2015). A republication occurs when the offending material is published "in a new format intended to reach a new audience." *Geary v. Town Sports Int'l Holding, Inc.*, 21 Misc. 3d 512, 514, 870 N.Y.S.2d 846, 848 (Sup. Ct. 2008). And where the offending material "is relocated to a second website, the relocation to the new website constitutes

---

[2] See https://www.pierre-fabre.com/en-us/terms-conditions (last visited April 21, 2023), which states that the Pierre Fabre runs the website at issue, at www.aveneusa.com, from an address in Parsippany, New Jersey (see ¶16).

a republication…thereby acting to restart the statute of limitations." *Rare 1 Corp. v. Moshe Zwiebel Diamond Corp.*, 13 Misc. 3d 279, 281, 822 N.Y.S.2d 375, 377 (Sup. Ct. 2006). Defendants have relocated Ratermann's likeness to at least 11 other websites beyond the Avène website and republished it in new formats such as email newsletters as recently as February 2023. (Complaint, **Exhibit B, C**; **Exhibits 1-4**). The statute of limitations in this case has thus been retriggered as recently as this year, and Defendants cannot prove that Ratermann's claims are time barred as to each limitations period. The Motions should be denied.

Defendants also take issue with Ratermann using the phrase "on information and belief." But pleading facts on information and belief is common, and renders claims plausible when "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Citizens United* at 384–85 (internal citations omitted). At this stage, Ratermann could not have knowledge of Defendants' own data which could establish when Defendants originally published each of the offending materials. Such internal information is peculiarly within Defendants' possession or control, and thus Ratermann's claim is precisely the kind which can be made probable by allegation on information and belief. Indeed, Ratermann only recently discovered Pierre Fabre's ongoing use of her likeness without consent and remains unaware as to how many different uses of her likeness are at issue, when and where those uses were created and disseminated, and what formats they were in.

Accordingly, even when considering Defendants' impermissible additional evidence and their bare admonitions of Ratermann's use of "information and belief," Defendants fail to meet their burden of establishing that Ratermann's claims are time barred. The Motions should be denied.

**b) Ratermann properly seeks damages from Pierre Fabre**

Pierre Fabre additionally claims that Ratermann is barred from seeking any damages against it for violations of her right to privacy beyond statutory penalties, but this is untrue. Pierre Fabre falsely claims that the Court held that Pierre Fabre is only liable for statutory penalties, however the Court made no such holding. The Court dismissed Ratermann's claims to the extent that *exemplary* damages were sought, but otherwise held that Ratermann's Section 50 and 51 claims against Pierre Fabre were not dismissed. *Ratermann v. Pierre Fabre USA, Inc.*, No. 22-CV-325 (JMF), 2023 WL 199533, at *8 (S.D.N.Y. Jan. 17, 2023). The Court made no prohibition against seeking other damages in the Complaint, and accordingly Ratermann now seeks from Pierre Fabre "statutory damages and penalties, including punitive damages, in amounts to be determined at trial." (Complaint ¶ 36). Ratermann's damages claim is proper thus and Pierre Fabre's attempt to limit its liability for damages should be denied.

And to the extent that Ratermann does seek exemplary damages in the Complaint, she does so based on allegations arising after the Court made its prior Order. As noted by the Court, Section 51 authorizes "exemplary damages if a defendant acts knowingly in violation of that protection." *Beverley v. Choices Women's Med. Ctr., Inc.*, 78 N.Y.2d 745, 750, 587 N.E.2d 275, 277 (1991). While the Court previously held that Ratermann had not adequately pled Pierre Fabre's knowledge, Ratermann has since discovered Pierre Fabre's continued use of the offending materials **after the Court entered its prior Order and Opinion**. (Complaint, **Exhibit C**; **Exhibit 1-4**). As the Court has not dismissed Ratermann's Section 50 and 51 claims generally, and because the new evidence of knowledge sufficient for exemplary damages post-dates the Court's order, Ratermann claims reflecting Pierre Fabre's knowledge and continued violations of Section 50 and 51 are sufficient. (Complaint ¶ 37).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

### 2.  Ratermann properly alleges violations of California Civ. Code § 3344.

California Civil Code § 3344 for violations of the right to privacy does not conflict with New York law and holds liable "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 299 (2d Cir. 2022). In the Complaint, Ratermann alleges that "Walgreen and Pierre Fabre knowingly used Ratermann's likeness in order to advertise and market Walgreen and Pierre Fabre's products and services." (Complaint ¶ 39). Ratermann also attaches to the Complaint exemplars of Defendants' offending uses, including a photograph of her likeness being used by Pierre Fabre and Walgreen at a physical Walgreen store in Venice, California. (Complaint, **Exhibit B**). Ratermann adequately alleges Defendants' violations of Section 3344.

Pierre Fabre and Walgreen claim that Ratermann's Section 3344 claim is prohibited by the Court's prior Order and Opinion, but this is false. In its prior Order and Opinion, the Court found that Walgreen had not deployed the disputed content in New York granted Ratermann leave to amend her Section 50 and 51, acknowledging that Ratermann had presented evidence of Walgreen's offending use in California but not in New York. *Ratermann* at 7. Walgreen's assertion that it only violated Ratermann's likeness rights in California makes clear that the claim under the California statute is appropriate.

Ratermann thus amended her claim against Walgreen accordingly to allege violations of California Section 3344. And as Walgreen's offending use in California is an advertisement created and provided by Pierre Fabre that depicts Pierre Fabre's products, it is plausible to assert that Pierre Fabre is also responsible for the acts that violated Section 3344. Ratermann did not

amend her claims to add a new cause of action, any additional parties, or any heightened request for damages based on the addition of claims under Section 3344, and only amends the Complaint to better reflect the evidence as recognized by the Court. Ratermann's claim should survive.

Additionally, Defendants claim that Ratermann's California law claims must be dismissed because New York law must apply, however this is inapposite. First, there can be no choice of law issue as to Ratermann's claim against Walgreen because Walgreen denies it exploited Ratermann's likeness in its New York locations and Ratermann only alleges tortious conduct relating to the use of the physical material in California. "[T]he first inquiry in a case presenting a potential choice-of-law issue is whether there is an actual conflict of laws on the issues presented." *Zuckerman v. Metro. Museum of Art*, 307 F. Supp. 3d 304, 316 (S.D.N.Y. 2018), aff'd, 928 F.3d 186 (2d Cir. 2019). In *Rams v Def Jam Recordings, Inc.*, the court found that there was no conflict of law where a domiciliary of Denmark brought a right to privacy claim in New York under Section 3344 because the Plaintiff alleged the defendants used her likeness only in California. *Id.* at 389. Here, Ratermann has only alleged Walgreen used her likeness in Venice, California, and has presented evidence of said use. (Complaint, **Exhibit B**). To prohibit Ratermann from bringing such a claim under California law would be akin to determining that no New York resident could bring a claim for any right to privacy violation that occurred solely in another state. Defendants' argument fails.

Second, California law is properly applied to Ratermann's Section 3344 claim against Pierre Fabre. In New York, "right of privacy claims are governed by the substantive law of the state with the most significant relationship to the violation of the right." *Zoll v. Jordache Enterprises, Inc.*, No. 01 CIV. 1339 (CSH), 2002 WL 31873461, at *4 (S.D.N.Y. Dec. 24, 2002). A state has a strong interest in conduct occurring in its borders because "one of the primary

purposes of creating a cause of action in tort is to deter misconduct within its borders." *Ram* at

389 (internal quotations omitted). And where the plaintiff's state of residence provides no right

to recovery for conduct in another state, "it is pure fancy to believe [the state of residence] would

wish to restrict its residents from recovery that others could obtain" on such grounds. *Id.* citing

*Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007 (9th Cir. 2001). Here, California has the

greatest interest in having its law applied to Ratermann's 3344 claims against Pierre Fabre, as

they relate to Pierre Fabre's violative use of Ratermann's likeness in California. (Complaint,

**Exhibit B**). And as New York law provides no relief for right to privacy violations in another

state, New York would have no interest in the claim at all and would certainly not have an

interest in restricting Ratermann from recovery that a California resident could obtain for the

same conduct. As such, California law properly applies, and Defendants' motion to dismiss on

choice of law should be denied.

      Finally, Pierre Fabre and Walgreen argue that Ratermann's Section 3344 claims should

be dismissed as Ratermann failed to allege that either defendant acted with knowledge, but this

claim is meritless. As discussed, Section 3344 requires that "the use of the person's identity be

knowing" to establish a right to relief. *Est. of Smith v. Cash Money Recs., Inc.*, No. 14CV2703,

2018 WL 2224993, at *12 (S.D.N.Y. May 15, 2018). Given the type of use depicted in the

Exhibit – the placement of a physical cutout in a store in California – it is nonsensical to claim

that the conduct was done without knowledge. It would be truly the rare case that a Walgreens

employee would place a physical cutout in a store without knowing she was doing so.

      Accordingly, Ratermann alleges in the Complaint that "Walgreen and Pierre Fabre

knowingly used Ratermann's likeness or purposes of advertising or selling, or soliciting purchase

of, Walgreen's and/or Pierre Fabre's products, merchandise, goods, or services in California and

beyond, and did so without Plaintiff's consent." (Complaint ¶ 38). Ratermann supports these allegations with factual statements, including that Defendants "knew that the license Ratermann granted to Quickframe was for use on Instagram only," and that Defendants "had access to the license and attended the photo shoot" at which the pictures and issues were created. (Complaint ¶ 37). Ratermann further supports her allegations of knowledge by evidencing that Defendants' offending use of Ratermann's likeness continued "after the filing of this case." (Complaint ¶ 37; **Exhibit C**). Ratermann therefore sufficiently pleads knowledge under Section 3344 by alleging that the Defendants knowingly used her likeness outside the scope of the license while they had access to that license. Ratermann therefore, at the very least, provides the Court with a basis for a reasonable inference that she is entitled to relief.

Ratermann adequately pleads each of her claims for violations of her right to privacy by Defendants. Defendants have not, and cannot, establish that Ratermann is not entitled to relief "beyond a doubt," and thus their Motions should be denied.

### B. Ratermann adequately pleads unfair competition

"The essence of unfair competition under New York common law is 'the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995). As noted by the Court, a plaintiff states a plausible claim for unfair competition "if he or she alleges specific facts showing that the defendant knew it did not have the right to use the plaintiff's likeness for trade purposes and continued to do so anyway." *Ratermann* at 8, citing *Allstate Life Ins. Co. v. Mota*, No. 21-CV-908 (LJL), 2021 WL 5166819, at *5 (S.D.N.Y. Nov. 5, 2021). Ratermann alleges that Pierre Fabre knew it did not have the right to use her likeness beyond Instagram because Pierre Fabre had access to the limited license expressly restricting use

to Instagram and had representatives in attendance at the photoshoot at which the offending material was taken, and that Pierre Fabre continued to use Ratermann's likeness for trade purposes beyond the scope of this limited license anyway. (Complaint ¶¶ 44-45). Ratermann further alleges specific facts showing that Pierre Fabre continued to use her likeness for trade purposes after it was put on notice that it did not have the right to do so by the filing of this action. (Complaint ¶ 37, **Exhibit C**). Ratermann adequately alleges unfair competition.

### 1. Ratermann adequately pleads Pierre Fabre's knowledge

Ratermann pleads specific facts showing that Pierre Fabre knew it did not have the right to exploit Ratermann's likeness in at least three ways. First, that QuickFrame's knowledge of the limited scope of the license was imputed to Pierre Fabre under agency principles. Second, that Pierre Fabre had direct knowledge that it acted without Ratermann's consent both by having access to the license and photoshoot, and by continuing to publish offending materials after being put on notice by this action. Indeed, *even after* the most recent amendment to the Complaint, Pierre Fabre continued to engage in new exploitations of Ratermann's likeness. Pierre Fabre fails to meet its burden to disclaim any of these theories of knowledge.

First, Ratermann alleges specific facts showing that QuickFrame's knowledge should be imputed to Pierre Fabre. Under New York law, "an agency relationship results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act." *Meisel v. Grunberg*, 651 F. Supp. 2d 98, 110 (S.D.N.Y. 2009). And it is generally understood that "knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it." *CompuDyne Corp. v. Shane*, 453 F. Supp. 2d 807, 824 (S.D.N.Y. 2006).

Ratermann alleges that QuickFrame "acted as an agent of Pierre Fabre" as it was hired to take Ratermann's picture and portrait for Pierre Fabre's advertising campaign, and that QuickFrame photographed Ratermann and entered into the limited license with her "on behalf of and for the benefit of Pierre Fabre." (Complaint ¶¶ 10, 43). QuickFrame plainly had knowledge of the scope of its own drafted license, and because QuickFrame created that license and the pictures and portraits it pertains to on behalf of and for the benefit of Pierre Fabre, QuickFrame's knowledge of the license's scope should be imputed to Pierre Fabre under agency principles. Ratermann thus plausibly pleads Pierre Fabre's knowledge sufficient for her claim of unfair competition.

Pierre Fabre fails to address the imputation of QuickFrame's knowledge via an agency relationship in any substantive way. Instead, Pierre Fabre points to the Court's prior dismissal of Ratermann's "alter-ego" claims as proof that the agency theory of knowledge is improperly plead. This is irrelevant. Ratermann's unfair competition claim does not rely on QuickFrame's status as an alter-ego to Pierre Fabre, and indeed the language Pierre Fabre cites to from the Court's Order and Opinion concerns whether Ratermann engaged in improper group pleading (which the Court held she did not). *Ratermann* at 2–3. Pierre Fabre makes no meaningful attempt to disclaim that QuickFrame was its agent, and thus fails to prove that Ratermann's imputed knowledge claims are inadequately pleaded.

Second, Ratermann adequately pleads that Pierre Fabre had direct knowledge that it acted beyond the scope of Ratermann's consent. Ratermann alleges that "Pierre Fabre employees, consultants, and representatives were present" when the offending materials were created, including by evidence of Pierre Fabre employee "Hoda Abdulla being identified as the client contact" in documents generated by QuickFrame for the shoot. (Complaint ¶ 44). And that Pierre

Fabre's representatives "had access to the license" at issue, and thereby knew the permissible scope of its uses of Ratermann's likeness. (Complaint ¶ 37). These facts establish that the offending materials were created at a photoshoot organized for and with the participation of Pierre Fabre, and that Pierre Fabre had access to the license establishing the scope in which it was allowed to use these pictures. Ratermann thereby sufficiently alleges facts which, at minimum, allow the Court to draw a reasonable inference that Pierre Fabre knew it did not have the right to use Ratermann's likeness as alleged.

In response, Pierre Fabre simply makes the conclusory statement that it is "illogical" to infer that its direct participation in a photoshoot to create photographs for its own benefit would mean Pierre Fabre had knowledge of the license for use of those photographs, and dismisses the allegations that Pierre Fabre representatives were present at the shoot as claims made on "information and belief." These claims are meritless. It is certainly logical to infer that Pierre Fabre's direct participation in the creation of the offending materials provided it with knowledge of the license created for its own use of those materials. And making allegations on "information and belief" here is appropriate, as the specific actions and locations of Pierre Fabre's representatives and employees are "peculiarly in the possession and control of [Pierre Fabre]." *Citizens United* at 384–85. Pierre Fabre's thus cannot establish that Ratermann's allegations of direct knowledge are inadequately pled, and its motion should be denied.

Finally, Ratermann alleges that Pierre Fabre knowingly misappropriated Ratermann's likeness because it continued to do so after being put on notice of its wrongdoing. In *Allstate*, the court held that the plaintiff had sufficiently pleaded knowledge for unfair competition where it alleged that "[plaintiff] informed [defendant] it should cease and desist using his name and likeness...yet [defendant] continued to do so." *Allstate* at 5. Ratermann informed Pierre Fabre it

should cease and desist using her likeness, at minimum, through the filing of this lawsuit, and yet Pierre Fabre continued to do so **more than a year later**. (Complaint ¶ 37; **Exhibit C**). Pierre Fabre fails to respond to these allegations in anyway, presumably because it can offer no defense of its continued wrongdoing.

Ratermann thus adequately pleads Pierre Fabre's knowledge sufficient for unfair competition under New York Common law, and Pierre Fabre's motion should be denied.

### 2.  Ratermann adequately pleads Pierre Fabre's bad faith

As addressed in the Court's Opinion and Order, a plaintiff sufficiently pleads bad faith for an unfair competition claim where she alleges that a defendant "knew it did not have the right to use the plaintiff's likeness for trade purposes and continued to do so anyway." *Ratermann* at 8, citing *Allstate* at 5. As already explained, Ratermann specifically alleges that Pierre Fabre knew that it did not have the right use her likeness to advertise its products beyond Instagram, but continued to do so anyway, even after the filing of this action. Ratermann thus adequately pleads Pierre Fabre's bad faith under a common law unfair competition claim.

Pierre Fabre claims Ratermann failed to sufficiently allege bad faith, but this is untrue. Pierre Fabre points to case law stating that "to act in 'bad faith,' one must exploit some 'commercial advantage which belonged exclusively to [another]'" and claims that Ratermann fails to allege misappropriation of any commercial advantage. *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 329 (E.D.N.Y. 2014). However, a commercial advantage includes any "benefit or property right." *Allstate* at *5 (S.D.N.Y. Nov. 5, 2021). And it is well established that the right of publicity for use of one's own likeness is a "common law property right" in New York. *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 728 (S.D.N.Y. 1978). Ratermann, a professional model who commercializes her likeness for a living, alleges that

Pierre Fabre exploited her likeness without her consent. She thereby alleges a misappropriation of a commercial advantage. And Pierre Fabre's ongoing violation of Ratermann's rights is further evidence of bad faith. Pierre Fabre's motion should be denied.

### 3.   The Court's prior dismissal of Lanham Act claims does not require dismissing Ratermann's unfair competition claim

Pierre Fabre claims Ratermann's unfair competition claim must be dismissed on the same grounds as her prior Lanham Act claims, but this mischaracterizes the relevant law. New York common law for unfair competition creates a cause of action for the "misappropriating for the commercial advantage of one person ... a benefit or 'property' right belonging to another." *Allstate* at 5 (internal quotations omitted). Such claims have been "broadly described as encompassing any form of commercial immorality, or simply as endeavoring to reap where one has not sown." *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 258 (S.D.N.Y. 2013). The Court already declined to analyze Ratermann's unfair competition claims under the same metric as her prior Lanham Act claims, as the Court dismissed the prior Lanham Act claim with prejudice while granting leave to amend her unfair competition claim. *Ratermann* at 11. Thus, Pierre Fabre cannot now claim that Ratermann's unfair competition claim should be dismissed simply because her Lanham Act claim was previously dismissed. Ratermann adequately pleads all elements of unfair competition, and Pierre Fabre's motion to dismiss should be denied.

/ / /

/ / /

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## IV.     Conclusion

Ratermann adequately pleads all her claims in the Complaint and, so owing, the Court should deny Defendants' Motions. To the extent that the Court finds otherwise, it is respectfully requested that Ratermann be given leave to amend.


<table>
<tr><td></td><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Dated: April 22, 2023<br>New York, New York</td><td>By:</td><td><em>/s/ Scott Alan Burroughs</em><br>Scott Alan Burroughs, Esq.<br>DONIGER / BURROUGHS<br>247 Water Street, First Floor<br>New York, New York 10038<br>scott@donigerlawfirm.com<br>(310) 590-1820<br>Attorneys for Plaintiff<br>Patty Ratermann</td></tr>
</table>

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS