```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
PATTY RATERMANN,                                                  :
                                                                  :
                              Plaintiff,                          :
                                                                  :     22-CV-325 (JMF)
              -v-                                                 :
                                                                  :        ORDER
PIERRE FABRE USA, INC., et al.,                                   :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 23, 2023, Plaintiff filed a Fourth Amended Complaint in which she invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 104, ¶ 2. Although Plaintiff states that this matter is "between citizens of different states," she merely alleges her state of residence, not her state of citizenship. *Id.* ¶¶ 2, 5. This is not enough. *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that "a statement of the parties' residence is insufficient to establish their citizenship" for purposes of diversity jurisdiction); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). *See generally, e.g., Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted));

Accordingly, no later than **September 19, 2023**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action.  (**To be clear: Plaintiff may not make any *other* changes to her pleading.**  To confirm that Plaintiff complies with this requirement, she shall simultaneously file a redline showing all changes made to the Fourth Amended Complaint.)  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.  **If Plaintiff does file an amended complaint establishing this Court's subject-matter jurisdiction, the pending motions to dismiss will be deemed to relate to the amended complaint.**  See ECF Nos. 115, 118, 122, 124, and 125.

    SO ORDERED.

Dated: September 14, 2023                   _____
       New York, New York                          JESSE M. FURMAN
                                                 United States District Judge