```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PATTY RATERMANN,                                                 :
                                                                 :
                                Plaintiff,                       :
                                                                 :      22-CV-325 (JMF)
                -v-                                              :
                                                                 :      MEMORANDUM OPINION
PIERRE FABRE USA, INC. et al.,                                   :      AND ORDER
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Patty Ratermann is a model who, in 2020, signed a license with Defendant QuickFrame, Inc. ("QuickFrame") allowing QuickFrame to use her likeness on Instagram. Although the license was limited to Instagram, Ratermann alleges that she later discovered her likeness being used to promote the products of Defendant Pierre Fabre USA, Inc. ("Pierre Fabre"), which does business as Avène, on other websites and in at least one brick-and-mortar Walgreens Co. ("Walgreens") store. Following that discovery, she brought this lawsuit against QuickFrame, Pierre Fabre, Walgreens, and other Defendants for, among other things, violation of her right to "privacy" and/or "publicity" under Sections 50 and 51 of the New York Civil Rights Law, N.Y. Civ. Rights L. §§ 50-51; violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; unfair competition; breach of contract; and fraud.

In an earlier Opinion and Order, familiarity with which is presumed, the Court dismissed all claims other than (1) her claim under New York Civil Rights Law Sections 50 and 51 against Pierre Fabre, except insofar as it sought "exemplary damages"; and (2) her breach of contract claim against QuickFrame. *See Ratermann v. Pierre Fabre USA, Inc.*, 651 F. Supp. 3d 657, 676 (S.D.N.Y. 2023) (ECF No. 98). But the Court granted Ratermann leave to amend with respect to

two of the dismissed claims, namely "her [New York Civil Rights Law] Section 50 and 51 claim against Walgreens and QuickFrame, and her unfair competition claim against Pierre Fabre." *Id.* Thereafter, Ratermann filed a Fifth Amended Complaint, which not only repleads those claims, but also adds claims against Walgreens and Pierre Fabre for violation of California Civil Code Section 3344 and seeks certain new kinds of damages from Pierre Fabre in connection with the New York Civil Rights Law claim. *See* ECF No. 129 ("5AC"). Now pending are two motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: one filed jointly by Pierre Fabre and Walgreens and one filed by QuickFrame.[1] For the reasons that follow, the Court grants the motion to dismiss with respect to Ratermann's new claims and her unfair competition claim against Pierre Fabre and denies the motion with respect to Ratermann's Section 50 and 51 claim against QuickFrame.

## LEGAL STANDARDS

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008).[2] A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a

---

[1] As directed by the Court, Ratermann filed the Fifth Amended Complaint after the motions to dismissed were fully briefed in order to cure a jurisdictional defect. *See* ECF No. 126. As the Court previously noted, the motions to dismiss are nonetheless deemed to relate to the Fifth Amended Complaint. *See id.* at 2.

[2] In reviewing a motion to dismiss, "a court may consider only: (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *JRLDDS, LLC v. Hartford Fin. Servs. Grp. Inc.*, No. 21-CV-9487 (JMF), 2022 WL 3018152, at *2 (S.D.N.Y. July 29, 2022) (cleaned up). In disregard of this rule, Ratermann filed a declaration with her opposition, *see* ECF No. 123, and a later letter alleging additional facts, *see* ECF No. 128. The Court will not consider either submission.

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

Defendants advance various arguments for dismissal of Ratermann's claims. The Court will begin with the question of whether Ratermann's amendments exceeded the scope of the Court's grant of leave to amend and then turn to Defendants' motions to dismiss her Section 50 and 51 claims and the unfair competition claim against Pierre Fabre alone.

### A. The Scope of Ratermann's Amendments

As an initial matter, Defendants move to dismiss certain claims in the Fifth Amended Complaint — namely, Ratermann's claims against Walgreens and Pierre Fabre under California Civil Code Section 3344 and her request for certain damages from Pierre Fabre in connection with her New York Civil Rights Law claim — on the ground that she exceeded the scope of the Court's grant of leave to amend. *See* ECF No. 116 ("Walgreens and PF Mem."), at 7-9. Their objection is well founded. In its earlier Opinion and Order, the Court limited the scope of Ratermann's leave to amend to only two claims: (1) "her Section 50 and 51 claim against Walgreens and QuickFrame"; and (2) "her unfair competition claim against Pierre Fabre." *Ratermann*, 651 F. Supp. 3d at 676. The Court did not grant Ratermann leave to broaden her

request for damages in connection with her surviving New York Civil Rights Law claim against Pierre Fabre.[3] And the Court certainly did not grant Ratermann leave to add an entirely new claim under California law. Accordingly, these claims are dismissed on the ground that they "exceed[] the parameters of the leave that was given." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *see, e.g.*, *Azkour v. Bowery Residents' Comm., Inc.*, No. 13-CV-5878 (TPG), 2017 WL 4329629, at *3 (S.D.N.Y. Sept. 13, 2017) (finding that the plaintiff's amended complaint "exceeded the scope" of the court's prior order and was "improper" insofar as it added new claims). The fact that the Court previously dismissed Ratermann's claim against Walgreens under New York law because she had previously alleged use of her image only in California is immaterial. The bottom line is that Ratermann did not seek, and the Court did not grant, leave to add claims under California law. Accordingly, those claims and Ratermann's claim for new kinds of damages in connection with her New York Civil Rights Law claim against Pierre Fabre must be and are dismissed.

---

[3] Ratermann's request for "statutory damages and penalties, including punitive damages," 5AC ¶ 36, is puzzling for other reasons. Ratermann cites, and the Court has found, no authority for the proposition that "statutory damages and penalties" are available for violations of Sections 50 and 51. *See, e.g.*, *Marshall v. Marshall*, No. 08-CV-1420 (LB), 2012 WL 1079550, at *23 (E.D.N.Y. Mar. 30, 2012), *aff'd*, 504 F. App'x 20 (2d Cir. 2012) (listing compensatory and exemplary damages as the only types of damages available under Section 51); *cf. ASA Music Prods. v. Thomsun Elecs.*, No. 96-CV-1872 (BDP) (MDF), 1998 WL 988195, at *8 (S.D.N.Y. Sept. 29, 1998) (finding that statutory damages are available for a copyright infringement claim because the relevant statute explicitly provides for such damages). And for purposes of Sections 50 and 51, "punitive damages" and "exemplary damages" appear to be synonymous. *See, e.g.*, *Welch v. Mr. Christmas Inc.*, 57 N.Y.2d 143, 150 (1982); *see also, e.g.*, *Wilson*, 2022 WL 4227145, at *3 (discussing "exemplary, or punitive, damages").

**B. New York Civil Rights Law Sections 50 and 51 (QuickFrame and Pierre Fabre)**

Next, QuickFrame and Pierre Fabre both move to dismiss Ratermann's claims under New York Civil Rights Law Sections 50 and 51 on the ground that they are untimely. *See* Walgreens and PF Mem. 8-9; ECF No. 119 ("QuickFrame Mem."), at 7-8.[4] That argument is easily rejected. It is well established that a pre-answer motion to dismiss on timeliness grounds "may be granted *only* if it is clear on the face of the complaint that the statute of limitations has run." *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (emphasis added) (internal quotation marks omitted); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."). That is not the case here, as Ratermann affirmatively alleges that one or more of the infringing uses of her image began within one year of her filing suit, *see* 5AC ¶ 17; *see also, e.g.*, *Bondar v. LASplash Cosms.*, No. 12-CV-1417 (SAS), 2012 WL 6150859, at *6 (S.D.N.Y. Dec. 11, 2012) (noting that there is a one-year statute of limitations for claims under Sections 50 and 51), and QuickFrame's and Pierre Fabre's argument to the contrary rests on extrinsic evidence, namely archived webpages allegedly obtained from the "Wayback Machine," *see* QuickFrame Mem. 7; ECF No. 80-1; *see also, e.g.*, *Wilson v. Veritas Consulting Grp. Inc.*, No. 21-CV-8318 (JPO), 2022 WL 4227145, at *3 (S.D.N.Y. Sept. 13, 2022) (rejecting a defendant's motion to dismiss as untimely a Section 51 claim based on extrinsic submission of a "website as viewed through an archiving mechanism").

---

[4] QuickFrame and Pierre Fabre also made this argument in their earlier motions to dismiss, but the Court did not rule on it. *See Ratermann*, 651 F. Supp. 3d at 672 nn.7-8.

5

QuickFrame argues in the alternative that Ratermann's Section 50 and 51 claim against it should be dismissed because she does not plausibly allege that it "used" her likeness for advertising beyond what was permitted under the licensing agreement. *See* QuickFrame Mem. 8-9. That argument is also easily rejected. "To establish liability under Section 51, a plaintiff must demonstrate each of four elements: (i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 249 (2d Cir. 2021) (internal quotation marks omitted). Here, Ratermann does not plausibly allege that QuickFrame itself used her image for purposes of advertising. But the Fifth Amended Complaint does allege that QuickFrame used her image "for purposes of . . . trade," namely that it "sold, transferred, distributed, and traded to Pierre Fabre portraits and pictures of Plaintiff for use outside of the scope of the relevant license." 5AC ¶ 34. At this stage, that allegation suffices to state a claim under Sections 50 and 51. *See, e.g.*, *Passelaigue v. Getty Images (US), Inc.*, No. 16-CV-1362 (VSB), 2018 WL 1156011, at *6 (S.D.N.Y. Mar. 1, 2018) (denying a motion to dismiss because the plaintiff had adequately pleaded that the sale of her images was not "for use in a manner lawful under Section 51 by virtue of the fact she did not knowingly authorize their use" (internal quotation marks omitted)). Accordingly, Ratermann's Section 50 and 51 claims survive.

C. **Unfair Competition (Pierre Fabre)**

Finally, Pierre Fabre challenges Ratermann's claim for unfair competition under New York common law. *See* Walgreens and PF Mem. 9-13. "The essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (cleaned up); *accord*

*Sly Mag., LLC v. Weider Publ'ns L.L.C.*, 346 F. App'x 721, 723 (2d Cir. 2009) (summary order). Significantly, "[a]n unfair competition claim under New York common law requires all the elements of a Lanham Act unfair competition claim *plus* a showing of bad faith." *AM Gen. LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 486 (S.D.N.Y. 2020) (emphasis added); *accord Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 424 (S.D.N.Y. 2018) ("To establish a claim for common law unfair competition, a plaintiff must state a Lanham Act claim coupled with a showing of a defendant's bad faith or intent." (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997))).

Upon reflection, that is fatal to Ratermann's unfair competition claim. In its earlier Opinion and Order, the Court dismissed Ratermann's Lanham Act claim against Pierre Fabre on the ground that it was "neither false nor misleading to say that Ratermann endorsed the Avène products. . . . Put simply, Ratermann agreed to endorse Pierre Fabre's products on Instagram, and she makes no allegation that Pierre Fabre used her likeness to advertise other products that she had not agreed to endorse." *Ratermann*, 651 F. Supp. 3d at 673. It follows *a fortiori* that Ratermann's unfair competition claim — which requires an additional element (bad faith) *beyond* the elements required to plead a Lanham Act claim — must be and is dismissed. Ratermann's conclusory allegation that Pierre Fabre's conduct is "likely to cause confusion," 5AC ¶ 48, does not suffice in the face of the undisputed fact that Ratermann did, in fact, agree to endorse Pierre Fabre's products. *See, e.g.*, *Jeffrey Milstein*, 58 F.3d at 35 ("[A] plaintiff must show either actual confusion in an action for damages or a likelihood of confusion for equitable relief."); *see also, e.g.*, *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) (dismissing a plaintiff's unfair competition claim entirely for failing to allege any specific

facts regarding a likelihood of confusion to arise from defendant's actions); *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 378 (S.D.N.Y. 2003) (same).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED in part and DENIED in part.  Specifically, Ratermann's claims under California Civil Code Section 3344 and her unfair competition claim against Pierre Fabre are dismissed, while her Section 50 and 51 claims against QuickFrame and Pierre Fabre survive (except insofar as she seeks "statutory damages and penalties, including punitive damages").  Pursuant to the Court's earlier Opinion and Order, Ratermann's breach of contract claim against QuickFrame is also still live.

Unless and until the Court orders otherwise, QuickFrame and Pierre Fabre shall file their Answers to Ratermann's remaining claims within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **December 13, 2023**, at **9:00 a.m.**  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 99.

As all claims against Walgreens have been dismissed, the Clerk of Court is directed to terminate Walgreens as a party and to terminate ECF Nos. 115 and 118.

SO ORDERED.

Dated: November 13, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge